## WILLIAM H. MORGAN vs. CITY OF HALLOWELL.

A city is not liable under R. S., c. 18, § 61, for an injury received by a traveler by falling into an excavation unguarded by lights or railings, situated just without the limits of a public street, in a vacant lot whither he voluntarily went, in the evening, to witness the licensed exhibition of a circus.

Nor under R. S., c. 17, § 8; the temporary location of a traveling circus in its vicinity, cannot convert a reservoir in process of construction in a vacant lot into a nuisance either public or private.

Nor under R. S., c. 18, § 75; the object of this section being, (1) To guard the streets and public ways from injury by excavations improvidently made by the abuttors; and (2) To determine under what circumstances a city or town which is compelled to pay damages under § 61, may have a remedy over against the person making the excavation.

Nor at common law as for gross negligence in omitting to place guards indicating the position of the excavation which was being made by servants of the town.

ON EXCEPTIONS.

CASE for injury occasioned by falling into an excavation near a public street. The case is sufficiently stated in the opinion.

*A. G. Stinchfield*, for the plaintiff.

*Harley*, for the defendant.

BARROWS, J. The plaintiff offered to show that on a certain dark evening in September, 1866, he was going along a public street in Hallowell to attend a circus duly licensed to exhibit in the city, and on exhibition in an unfenced vacant lot on the easterly side of the street; that he turned from the street to go to the place of exhibition and fell into an excavation made for a reservoir, very near, though not within the limits of the street, and received a severe injury; that he was ignorant of the existence of the excavation, and in the exercise of due care ; that there were no guards, lights or railings about the excavation, and that this state of things had continued for some days prior to the accident, and that defendants were not the owners of the land on which the reservoir was located.

The presiding judge ordered a nonsuit, and the plaintiff excepts ; and the question is whether proof of these facts would have entitled the plaintiff to a verdict.

1. We think it plain, from the foregoing statement, that the case cannot be maintained under c. 18, § 61, R. S., which gives a remedy against a city or town for any injury received through any defect or want of repair or sufficient railing in any highway, town-way, causeway, or bridge within its limits when the city or town has reasonable notice of the defect. It was not while passing along the street and for want of a sufficient railing to prevent him from accidentally getting off the street into a chasm in dangerous proximity that the plaintiff received his injury, but because he intentionally turned from the street to go into the grounds occupied by the circus. Railings may be necessary to prevent the wayfarer from accidentally getting off the line of safe travel in darkness or daytime, but the statute which requires cities and towns to provide them when necessary for the safety and convenience of travelers, cannot be made to enure to the benefit of one who, in pursuit of his own pleasure or business, designedly leaves the street to go upon adjoining land. Under the circumstances stated, neither the want of a railing between the street and the reservoir, nor the excavation itself, can be held to be a defect in the street, causing the injury to the plaintiff, although it was very near the line of the street. It is well settled that even though there be a defect or obstruction within the limits of the highway as located, if it is not in the traveled part of the road, nor so connected with it as to affect the safety or convenience of those using the traveled path, the town is not responsible for an injury sustained by one using the road for the purpose of passing to or from a private way, or his own land. *Shepardson* v. *Colerain*, 13 Met. 55. *Smith* v. *Wendell*, 7 Cush. 498. *Kellogg* v. *Northampton*, 4 Gray, 65.

*A fortiori*, there can be no pretense of claim, under this statute, where the traveller has intentionally passed beyond the limits of the street before he receives the injury. The fact that the city authorities had licensed the exhibition of the circus there, could not lay

the city under any obligation to furnish a safe and convenient access to the place of exhibition over private property, nor subject it to any liability for defects in the way of approach that might be selected by the circus or its patrons.

2. Plaintiff's counsel claims that the excavation was a nuisance, and that the city is liable under § 8, c. 17, R. S., which authorizes any person injured in his comfort, property, or the enjoyment of his estate, by a common and public or private nuisance, to maintain against the guilty party an action on the case to recover his damages, unless it is otherwise specially provided by law.

That section can have no application to such a case as this. There was no offer to prove that the reservoir was so located as to obstruct or encumber any public way, or any previously existing private way. The establishment of a traveling circus for a day or two in its vicinity could not convert a reservoir already in process of construction in a vacant lot into a nuisance, either public or private.

In the ancient case of *Blyth* v. *Topham*, Cro. Jac. 158, 159, cited in Comyn's Digest, Action upon the case for a nuisance, C., it was held that " the action does not lie, if a man makes a ditch in his waste which lies near the highway, into which the horse of another falls; for the ditch in his own soil was no wrong to the other, but it was his fault that his horse escaped into the waste." Modern legal learning has never improved upon nor controverted the terse statement of rights, faults, and liabilities here made. It recognizes fully the right of him who, having the dominion of the soil, without malice does a lawful act on his own premises, and leaves the consequences of an accident thereby happening where they belong, upon him who has wandered out of the way, though he may have been guilty of no negligence in the ordinary acceptation of the term. It is purely *damnum absque injuria*.

3. Again, it is urged that there is an implied liability under the provisions of § 75, c. 18, R. S. The object of that section appears to be two-fold: 1. To guard the streets and public ways from injury by excavations, improperly made by the abuttors, by requiring them

to call the attention of municipal officers to their work, and to conduct it in a manner deliberately prescribed by such officers; and, 2. To determine under what circumstances a city or town, which is compelled to pay damages under § 61, of the same chapter, on account of a defect in their streets or ways thus caused, may have a remedy over against the person making the excavation. But we have already seen that there was nothing in the plaintiff's statement tending to show that his misfortune was caused by a defect in the street. Hence, the section in question can have no bearing upon the case.

4. It seems to be conceded that the city was the party engaged in the construction of the reservoir, and the presumption is, that it was by permission of the owner of the land; and hereupon it is contended for the plaintiff that the corporation is liable at common law, as for gross negligence in omitting to place guards, railings, or lights about it to indicate its position.

While it is undoubtedly true, that, aside from all statute remedies provided against them, cities, towns, and other *quasi* corporations, will be liable for the actual malfeasance of their officers, agents, and employees, when their acts are authorized or ratified by the corporation councils having control of the subject-matter; as, for example, for all wrongs done to another party in the assertion of alleged rights of property in the corporation, and also for neglects in the performance of corporate duty, where there has been a special duty imposed, or a special authority conferred by and with the consent of the corporation; there is a strong line of decisions in which it is held, that for the neglects of their officers and agents in the performance of those duties imposed upon them by law for public purposes exclusively independent of their corporate assent, they are liable only when a right of action is given by statute; that as to them, in such cases, the maxim, *respondeat superior*, does not apply; that negligence in the performance of such duties cannot be held to be the negligence of the corporation.

See *Mitchell* v. *Rockland*, 52 Maine, 118; *Bigelow* v. *Randolph*, 14 Gray, 541; *Eastman* v. *Meredith*, 36 N. H. 284, and the cases

therein cited, for a full discussion of the distinction which obtains between ordinary corporations aggregate and these *quasi* corporations in this respect.

If the persons employed by the municipal officers of Hallowell to construct this reservoir in a vacant lot, were guilty of actionable negligence (which by no means distinctly appeared in the plaintiff's statement of his case), the city itself was not.

The plaintiff has mistaken the party against whom his remedy, if he has any, should be pursued.

If the circus company invited the public to a place of exhibition, the access to which was unsafe, without using reasonable precautions against accident, or if the persons actually engaged in making the excavation for the reservoir negligently omitted the safe-guards, which under all the circumstances they ought to have afforded, the city is not responsible therefor.     *Exceptions overruled.*

*Nonsuit confirmed.*

APPLETON, C. J.; KENT, WALTON, DICKERSON, and DANFORTH, JJ., concurred.