DANIEL MURPHY *vs.* INHABITANTS OF GLOUCESTER.

A town is not bound to erect barriers of any kind to prevent or warn travellers from stray-
ing off the side of a highway and falling into a dock twenty-five feet distant, although
the land between the way and the dock is on a level with the way, and open.

TORT on the Gen. Sts. *c.* 44, § 22, for personal injuries re-
ceived by the plaintiff through falling into a dock near Commer-
cial Street in Gloucester. Trial, and verdict for the plaintiff, in
the superior court, before. *Brigham*, C. J , who allowed a bill of
exceptions which is stated in the opinion.

*C. P. Thompson*, for the defendants.

*W. D. Northend*, for the plaintiff.

MORTON, J. It appears from the bill of exceptions, that, at
the trial, there was evidence tending to prove the following facts :
The plaintiff was travelling on foot, on Commercial Street, in
Gloucester, on a rainy, foggy and dark evening in May 1869 ;
while thus travelling, he passed out of the limits of the highway,
and fell into a dock some distance north of the northerly line of the
street ; the land between the dock and the street was on a level
with the street ; there were no monuments, curbstones or indica-
tions, other than those of the ordinary and usual course of travel,
of the boundary between said intervening land and the street, and
there was no railing or other barrier which would prevent a per-
son from walking from the street into said dock. There was con-
flicting testimony as to the distance of the dock from the northerly
line of the street, the defendants' testimony being that it was as
much as twenty-five feet, and the plaintiff's testimony that it was
much less.

The defendants' counsel asked for the following instructions,
among others : 1. " Towns are not bound to provide railings to
prevent travellers from straying out of the highway, when there
is no unsafe place immediately contiguous to it." 2. " The plain-
tiff must show that the dock, where the accident occurred, was so
immediately contiguous to the highway as to make it dangerous
to travel on the highway itself." 3. " A dock twenty-five feet
from the highway, the land between the same and the highway

being level and of the same height as the highway, without any angle in the road towards the dock, is not so immediately contiguous to the highway as to make the highway unsafe for travellers."

The court declined to give these instructions, but, among others not objected to, gave the following instructions : "1. The plaintiff may recover, if he proves that, the highway being in a safe and convenient condition for public travel, he passed over it, and while passing over it, for the want of barriers or indications of the boundaries of the highway, passed over such boundaries upon contiguous land, upon which, immediately contiguous to such highway, there was a dangerous place, by means of which he received an injury, which by the exercise of ordinary care he could not have avoided." 2. " Towns are not obliged to erect barriers or fences upon the boundaries of their highways, but, where the relation of the highways to the contiguous land is such that persons using the highways with ordinary care would be likely to pass beyond such boundaries and encounter dangerous places immediately contiguous thereto, for the want of any indications of the situation of such boundaries, it would be the duty of the town to erect monuments, indicating such boundaries, or barriers to prevent or warn travellers from passing such boundaries." 3. " To render a town liable for an injury arising to a traveller who has passed from a safe and convenient highway to land contiguous thereto, having a dangerous place thereon, and there received his injury, it must appear that his exercise of ordinary care would not, under the circumstances, have prevented him from passing beyond the boundaries of such highway, while attempting and intending to travel within those boundaries ; and that, from the nearness of such dangerous place to the highway, he would not, under the circumstances, by the exercise of ordinary care, have discovered that he had travelled beyond those boundaries, until he could not avoid such dangerous place, and injury therefrom."

The first two clauses of the instructions given are substantially correct. They make it a condition of the liability of the town that the dangerous place which causes the injury is immediately contiguous to the highway, so that it would render travelling on

the highway itself unsafe. They were in substantial compliance with the requests for instructions contained in the first and second prayers of the defendants. But the last clause of the instructions, it seems to us, was erroneous. It would authorize the jury to find that the town was liable, if the plaintiff strayed from the highway upon adjacent land, and received injury from a dangerous place, however distant from the highway, provided he proved that his exercise of ordinary care would not, under the circumstances, have prevented him from passing beyond the boundaries of the highway, and would not have led him to discover that he was without the limits of the way until he received the injury. This extends the liability of towns beyond the limits fixed by law. Their liability is created by statute. They are required to keep the highways situated within their limits in repair, so that the same may be safe and convenient for travellers, with their horses, teams and carriages, at all seasons of the year. Gen. Sts. c. 44, § 1. As a part of this obligation, they are bound to erect suitable railings, or other barriers, where a dangerous place exists in such close proximity to the highway as to render the use of the highway for purposes of travel unsafe. But they are not obliged to erect barriers to prevent or warn travellers from straying from the highway, where there is no dangerous place within such close proximity.

This question has been considered by the court in several recent cases. In *Sparhawk* v. *Salem*, 1 Allen, 30, Chapman, J., says : " But none of the cases cited sanction the doctrine that railings are necessary merely to prevent travellers from straying out of the highway, where there is no unsafe place immediately contiguous to the way. On the contrary, these cases require the party to show that the defect which caused the injury existed either in the highway, or so immediately contiguous to it as to make it dangerous to travel on the highway itself." In *Alger* v. *Lowell*, 3 Allen, 402, Hoar, J., says : " The true test is not whether the dangerous place is outside of the way, or whether some small strip of ground not included in the way must be traversed in reaching the danger but whether there is such a risk of a traveller, using ordinary care, in passing along the street, being thrown or falling into the

dangerous place, that a railing is requisite to make the way itself safe and convenient." See also *Adams* v. *Natick*, 13 Allen, 429.

Applying the principle of these cases to the case at bar, it seems to us that the last clause of the instructions given at the trial cannot be supported. We are also of opinion that the instructions asked in the third prayer of the defendants should have been given. It was pertinent and important, if the jury believed the testimony put in by the defendants. A dangerous place twenty-five feet from a highway clearly would not be in such close proximity as to make travelling on it unsafe. But the instructions given, in connection with the refusal of this instruction, would authorize the jury to hold the town liable, although they should find that the dock into which the plaintiff fell was twenty-five feet from the street. *Exceptions sustained.*