### ALVIN B. WILLEY *vs.* CITY OF ELLSWORTH.

*Defective way—town's liability for.*

The liability of a town for a defective way is commensurate with its right and obligation to repair it.

The statute gives no right to and imposes no liability upon towns as to anything outside the limits of the road.

But where a railing is necessary for the safety of travellers, the want of such railing is a defect in the way for which the town will be liable.

Willey *v.* Ellsworth.

ON EXCEPTIONS.

CASE for personal injury from an alleged defect in the highway. There was evidence tending to show that the injury was caused from an upsetting of plaintiff's sleigh by hitting a snow heap while driving in the night time from State street into Main street, in the defendant city; that the two streets as anciently located formed a sharp angle around which the travel from the one street to the other would have to pass, in order to keep within the limits of such located ways; that for many years the travel had been over a portion of the triangle formed by the intersection of such streets which was not railed, and was apparently used as a part of the streets; and one of the questions submitted was, whether or not such portion had not become a part of the highway by user. There was evidence in the case tending to show the other facts upon which the following instruction complained of was hypothetically based.

"If you do not find that there were any repairs actually put upon that place within the six years, nor that there was a way there by user, then another point still is presented by the evidence and involved in the following instruction, which I give you for the purpose of this trial as applicable to some of the evidence in the case, and applicable to the state of facts: If you find that the highway existed only according to the located limits as described to you by witnesses; that if it is not established that there was any legal road outside of the located limits, taking it for granted that there was no road, only such as the defendants now contend for and taking for granted that the alleged incumbrance (viz., the snow-bank) was outside of such limits, but immediately adjoining them, and if you find such incumbrance was situated, where, for some time prior to the accident, travellers had been accustomed to pass generally, in summer and winter, as a part of the actual way, and where but for such incumbrance it would have been safe and convenient for passing at the time of the accident; and if you further find that the limits of the highway were not indicated by any visible objects, and that the plain-

Willey *v.* Ellsworth.

tiff in turning from Main into State street and driving with common and ordinary care pursued the general course and direction of travel; and that his sleigh was upset by one runner striking the snow-bank outside of the located limits, while the horse and other runner of the sleigh were within such limits, in such case the defendants may still be liable; if you find that the incumbrance outside of the way was so near it as to render travelling within the way dangerous, and that the defendants knew it to be so, and that there was nothing to give the plaintiff notice of the defect until too late to avoid it, providing you find all the other elements which are necessary to make out a case as given in this suit, and to be given you."

"The learned counsel for the defendants contends that the town cannot be liable for any defect which is outside of the limits of a highway. But the idea involved in this instruction, if I have succeeded in making it plain to you, is this : There may be such a thing as that it would be a defect *in* a road to allow a dangerous incumbrance to exist immediately *outside* of the road, upon which the general course and direction of the way might lead a traveller, if there was nothing to guide or warn him against it, under the circumstances and with the qualifications before given you."

To which instruction the defendants excepted, a verdict for eleven hundred dollars having been rendered against the city.

*Hale & Emery* for the defendants.

The point of the exceptions is that a town is not liable for an incumbrance outside of the located limits of the road. The statute says, "defect *in* a highway;" not *"near"* it. Being penal, cases must be brought within the letter of the law. *Moulton* v. *Sanford,* 51 Maine, 127.

Towns have no right to do anything except to take gravel for repairs, outside location of way ; its duty and liability can extend no further than its power.

*Arno Wiswell* for the plaintiff.

The town is liable for leaving the road so constructed and un-

guarded as to lead travellers into peril, whether the danger was actually outside of its undefined limits or not. *Coggswell* v. *Lexington*, 4 Cush., 307 ; *Hayden* v. *Attleborough*, 7 Gray, 338.

APPLETON, C. J. By R. S., c. 18, § 40, "highways, townways, and streets, legally established, are to be opened and kept in repair, so that they are safe and convenient for travellers with horses, teams and carriages." The obligation is imposed upon towns to keep in repair ways "legally established" and none other.

Ways may be established by proof of public user or by a laying out by the constituted authorities. The limits of the way are determined by user or by location. However a way is shown to exist, it is one with limits defined by user or location.

Where repairs have been made upon a way or bridge within six years before the injury, the town making the repairs is estopped to deny the location, by § 66.

By § 65 "if any person receive any bodily injury or suffer any damage in his property through any defect or want of repair or sufficient railing in any highway, town way cause way or bridge, he may recover for the same in a special action on the case, &c.

The defect or want of repair must be in the way in controversy, not outside of the same. The statute imposes no liability for defects which the town is under no obligation to repair.

This action was for an injury arising from a defect in a highway which the defendants were bound to keep in repair. The defect was a snow-drift in the same as alleged in the plaintiff's writ. The jury were allowed to give damages for the consequences resulting from one without the defendant's highway and to give proof of its existence. The proof of one without the highway in no way proved or tended to prove the allegations in the plaintiff's writ. The verdict was obviously for a defect not mentioned in it, for that was a drift in the highway in question.

The jury were told that if the plaintiff's sleigh was upset by one runner striking the snow-bank outside of the located limits,

while the horse and other runner were within the limits, the defendants might be liable. It was not alleged that there was not ample room and a safe path within the limits of the located way. The verdict was not for defects therein but for a snow-drift outside, which could only be dangerous to those who were in whole or in part outside of the public way where they should be. The ruling of the judge excludes a way by user and that repairs had been made within six years upon the place where the accident happened. The liability of a town for damages depends upon the same proof as would render it liable for indictment. *Davis* v. *Bangor*, 42 Maine, 522. Now the defendants could not be liable to indictment for not removing a snow-drift outside the limits of the highway, which alone they were bound to keep in repair. The officers of the town are authorized to make repairs or remove defects within the limits of the way. They are trespassers when acting without such limits.

But reliance is placed upon *Hayden* v. *Attleborough*, 7 Gray, 338, to sustain the ruling of the justice presiding. In that case the injury arose from being precipitated into a cellar either within the limits of the highway or so near as to endanger travellers. The defect was the want of railing, the court holding that where a railing is necessary to the security and safety of travellers the want of such railing is a defect. But the defect in such case is the want of railing, which the town were bound to have, not the cellar without the limits of the highway with which they had nothing to do.

So in *Coggswell* v. *Lexington*, 4 Cush., 307, the injury was occasioned by a post outside the way as located. Metcalf, J., says: "Towns are bound to keep the roads within their bounds, safe for travellers. . . Whether the defendants had a right as against the owner of the land where the post stood to enter and remove it, is not now before us. But they clearly had the right and it was their duty if they could not lawfully remove the post, to place such a fence or other barrier between it and the road, as would have rendered the road safe." That is, the defect is in not having

the fence a barrier which the public safety required. The injury results from such defect for that is the defect for which alone the town is liable.

The only possible defect in the present case was for not having some barrier or fence to prevent the traveller from not going out of the road; but that is not the defect alleged. Besides, towns are under no obligation to maintain fences to prevent travellers from straying from the highway. *Sparhawk* v. *Salem*, 1 Allen, 30; *Murphy* v. *Gloucester*, 105 Mass., 470; *Macomber* v. *Taunton*, 100 Mass., 255. "It is the highway as located and laid out by the county commissioners," observes Morton, J., in *Smith* v. *Wakefield*, 100 Mass, 437, "which the town is obliged to keep in repair. It has no right to go outside of the limits defined by the location in order to make the highway more safe and convenient for travel." The occasional user of a road not located legally does not impose on the town the obligation to pay damages occasioned by its neglect to keep the road in repair. *Rowell* v. *Montville*, 4 Maine, 270.

Where an injury is caused by a snow-drift outside the public highway and which the town cannot rightfully remove, they are not responsible for an injury occasioned thereby. Their liability for non-repair is only commensurate with their right and duty to repair. The town is liable for injuries occasioned by defects in the road and for those alone.                    *Exceptions sustained.*

Cutting, Walton, Danforth and Virgin, JJ., concurred.
Barrows, J., did not concur.