JACOB PUFFER *vs.* INHABITANTS OF ORANGE.

Suffolk. March 8.— 12, 1877. ENDICOTT, J., absent.

A town is not bound to erect barriers to prevent travellers from straying from a highway, although there is a dangerous place, at some distance from the highway, which they may reach by so straying.

TORT for injuries occasioned by an alleged defect in a high-way, which the defendant was bound to keep in repair.

At the trial in the Superior Court, before *Brigham*, C. J., there was evidence tending to prove that the plaintiff on May 18, 1872, was travelling with a horse and buggy on the highway in question in a northerly direction, and was approaching a railroad crossing at grade; that the plaintiff's horse was startled by the noise of an approaching train of cars and jumped towards the right or easterly side of the highway, and, because there was no railing on the side of the highway to prevent, rushed into land adjoining it between the railroad and Miller's River; that the plaintiff directed the horse down the river's bank to its foot, where the horse fell and the plaintiff was thrown from the buggy and injured; that when the plaintiff's horse turned from the highway to the right upon the adjoining land, he turned abruptly between one of several posts along the highway and the railroad, and proceeded on the adjoining land in a direction nearly parallel with the railroad for the distance of twenty or thirty feet and then turned down the river's bank; that the highway was smooth and level without gutters on either side, and on the easterly side were the posts above mentioned in the line of the highway, without any railing upon them, indicating an old fence, and the highway to the posts was more or less travelled and not grassed over; that the land adjoining the highway upon the east, bounded by the highway, the railroad and the river's bank, had a surface of sandy loam slightly sloping from the highway; and that the river's bank from the top to the foot was covered with rocks.

The judge ruled that the absence of a railing on the easterly line of the highway was not such a defect, affecting its safety and convenience, as would entitle the plaintiff to maintain this action, directed a verdict for the defendant, and reported the case for the determination of this court.

If the ruling was correct, judgment was to be entered for the defendant; otherwise, a new trial was to be ordered.

*G. M. Hobbs*, for the plaintiff, contended that the question whether the absence of a railing was or was not a defect in the highway, should have been submitted to the jury; and cited *Palmer* v. *Andover*, 2 Cush. 600; *Stevens* v. *Boxford*, 10 Allen 25; *Titus* v. *Northbridge*, 97 Mass. 258, 266; *Babson* v. *Rockport*, 101 Mass. 93; *Murphy* v. *Gloucester*, 105 Mass. 470; *Brit-*

*ton* v. *Cummington*, 107 Mass. 347 ; *Marshall* v. *Ipswich*, 110 Mass. 522; *Warner* v. *Holyoke*, 112 Mass. 362.

*J. W. Rollins*, for the defendant, was not called upon.

GRAY, C. J.   The law which governs this case is well settled by the decisions of this court.   A town is bound to erect barriers or railings, where a dangerous place is in such close proximity to the highway as to make travelling on the highway unsafe.   *Stevens* v. *Boxford*, 10 Allen, 25.   *Babson* v. *Rockport*, 101 Mass. 93.   *Britton* v. *Cummington*, 107 Mass. 347.   But it is not bound to do so, to prevent travellers from straying from the highway, although there is a dangerous place, at some distance from the highway, which they may reach by so straying. *Sparhawk* v. *Salem*, 1 Allen, 30.   *Adams* v. *Natick*, 13 Allen, 429.   *Murphy* v. *Gloucester*, 105 Mass. 470.   *Commonwealth* v. *Wilmington*, 105 Mass. 599.   *Warner* v. *Holyoke*, 112 Mass. 362. In the case at bar, there was no dangerous place, and no defect or want of sufficient railing, where the plaintiff's horse left the highway; and the dangerous place where the accident happened was reached by passing some distance over a level space, and was at a spot not in or contiguous to the highway, and which the town was not bound to guard by a railing or barrier.

*Judgment on the verdict.*