FANNY A. HASKELL *vs.* INHABITANTS OF NEW GLOUCESTER.

Cumberland. Opinion October 10, 1879.

*Negligence.*

Whether a person travelling with a safe horse and carriage, in the night without a light, upon a highway wholly obscured by darkness, but in the vicinity of his residence, and over which he has travelled many years, is in the exercise of ordinary care, is for the jury to determine under all the circumstances of the case.

ON MOTION to set aside the verdict as being against law and evidence.

CASE, for an injury caused by a defective highway.

The facts appear in the opinion.

*N. Webb & T. H. Haskell*, for the plaintiff.

*C. W. Goddard* and *S. C. Strout & H. W. Gage*, for the defendants, cited *Rice* v. *Montpelier*, 19 Vt. 470. Angell Highways, § 291. *Winn* v. *Lowell*, 1 Allen, 177. *Macomber* v. *Taunton*, 100 Mass. 255. *Davenport* v. *Buckman*, 37 N. Y. 573. *Kellogg* v. *Curtis*, 65 Maine, 62. *Gavett* v. *R. Road*, 16 Gray, 501.

VIRGIN, J. The only defect alleged and attempted to be proved was that of insufficient railing. So far as this branch of the case is concerned, we have no hesitation in overruling the defendant's motion. For while towns are under no obligation to erect barriers of any description merely to prevent travelers, in the absence of any dangerous place in close proximity to highways, from straying therefrom, they are bound by the spirit of the statute of ways, to erect suitable railings upon causeways constructed, as this was, five or six feet above the natural surface of the earth. It would seem almost self-evident that on such ways a railing is necessary to the reasonable security and safety of travelers, especially in the night. *Morgan* v. *Hallowell*, 57 Maine, 375. *Willey* v. *Ellsworth*, 64 Maine, 57. *Hayden* v. *Attleborough*, 7 Gray, 338. Moreover the defendants do not very strenuously contend otherwise.

They do, however, stoutly contend that, not only the testimony fails to show affirmatively the exercise of ordinary care on the part of the plaintiff, but that it does show contributory negligence on her part. And they ask us to declare as the legal effect of her own uncontradicted testimony that she was guilty of such negligence.

The leading facts are these :

The plaintiff, thirty-two years old, residing in her father's family, consisting of herself, two sisters and one other lady, received a postal from her father stating that he would arrive at the station in the six o'clock p. m. train of November 10, and requesting her to meet him with the horse and carriage and carry him home— some two miles from the station. At five o'clock, p. m., she started with the horse and covered carriage, which she had fre-

quently driven, and went to the station over the road in question which she had travelled for fifteen years. On the arrival of the train between six and seven o'clock, the plaintiff, and her father sixty-nine years of age, started homeward. The evening, as the day had been, was rainy. During a part of the way, a carriage, in which was a lighted lantern, preceded them a short distance. From the time when the lanterned carriage left, the plaintiff and her father "could not see the road at all." They had no lantern and made no effort to obtain one. The horse walked the entire distance. As they were going along that portion of the causeway which was not railed, feeling the left wheels of the carriage settle a little, the father said to the plaintiff—who was driving with a tight rein—"too far to the left, go to the right."—Whereupon she "drew the horse slightly to the right." Thereupon the right wheel settling somewhat, he said to her—"too far to the right, too far to the right,"—when almost immediately the carriage slewed down the embankment, tipped over and injured the plaintiff. It also appeared by the testimony of the plaintiff that when her father directed her to go to the right she thought they were already too far that way. The horse, carriage and harness were safe.

"We cannot see judicially that the jury erred in finding for the plaintiff on this point." *Stevens* v. *Boxford*, 10 Allen, 25. *Williams* v. *Clinton*, 28 Conn. 263. *Norris* v. *Litchfield*, 35 N. H. 271. *Woodman* v. *Nottingham*, 49 N. H. 387. *Sleeper* v. *Sandown*, 52 N. H. 244. Shear. & Redf. Neg. § 413 *et seq.* and notes.

*Motion overruled.*

APPLETON, C. J., WALTON, BARROWS and LIBBEY, JJ., concurred.