## MARY A. DAILY *vs.* CITY OF WORCESTER.

Worcester.   October 6. — 7, 1881.   LORD & ALLEN, JJ., absent.

A city is not bound to erect barriers to prevent travellers from straying from a highway, although there is a dangerous place twenty-eight feet from the highway, which they may reach by so straying.

TORT for personal injuries occasioned to the plaintiff by an alleged defect in Burt Street, in the defendant city.   Answer, a general denial.   Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions in substance as follows:

The defect complained of was the want of a sufficient railing, to prevent travellers from passing from said way.

The way in question was a private way, which had for a long time been so used as to make the city liable for damages arising from defects therein, in the same manner as if it had been duly laid out and established.   It extended from Grafton Street, one of the public streets of the city, westerly three hundred and twenty feet, and was thirty feet wide ; thence it turned at a right angle and ran one hundred and twenty feet to Temple Street, another public street, at a width of fifteen feet, and was nearly parallel with the embankment hereinafter named.   There were dwelling-houses on both sides of Burt Street for a part of the distance on the street.   That part of Burt Street which extended westerly from Grafton Street had a fence on the southerly side thereof, which extended in the same course over the land, belonging to individuals, between the termination of Burt Street and the embankment.

The plaintiff, on a dark night, walked along Grafton Street and turned into Burt Street and passed westerly on the north sidewalk of that street, which was composed of earth a little raised and trodden hard and smooth, to the point where the street turns northerly, but, instead of turning in that direction and going towards Temple Street, kept on in a westerly direction across the narrow part of Burt Street on to an open lot of land, lying between that part of Burt Street running northerly and a high wall or embankment, over which she fell and received the injuries complained of.

The surface of the land over which the plaintiff passed was on nearly the same level with the westerly termination of the last-named part of Burt Street and with that part of the street running north; and the top of said wall or embankment, which formed the east bank of Mill Brook, was upon substantially the same level.

There was no railing or barrier at the west end or on the west side of Burt Street, nor on said wall, nor was there anything else to indicate where the westerly line of Burt Street was, except the line of travel on the street, which extended over its whole width.

The evidence was conflicting as to the distance from the west line of Burt Street to the wall from which the plaintiff fell; the defendant contending that the distance was at least twenty-seven and one half feet, the plaintiff that it was much less.

The plaintiff contended that the jury should determine, upon all the evidence, whether the embankment was or was not dangerous and sufficiently near to make the street unsafe and to render the city liable, and whether this constituted a defect in the street.

The judge directed the jury to find, upon all the evidence, what the distance was from the nearest point of Burt Street to the wall; and instructed them, if they should find the distance to be twenty-seven and one half feet or more, to return a verdict for the defendant.

The jury found that the distance was twenty-eight and seven tenths feet, and returned a verdict for the defendant; and the plaintiff alleged exceptions.

*W. A. Gile*, for the plaintiff.

*F. P. Goulding*, for the defendant, was not called upon.

BY THE COURT. Upon the facts proved at the trial and found by the jury, the case is governed by *Puffer* v. *Orange*, 122 Mass. 389, and cases there cited. *Exceptions overruled.*