## KNOWLTON *v.* PITTSFIELD.

The lack of a visible boundary of a highway, and the existence of an unsafe private way in the general direction of the public travel, are not the test of the duty of the town to maintain a railing in the public way.

The want of a railing which the town can legally maintain is a defect if it renders the highway "unsuitable for the travel thereon."

At the junction of a highway and a private path it is not the duty of the town to erect a barrier which the owner of the private path can lawfully remove.

CASE, for damage happening to a traveller by reason of a defective highway. Verdict for the defendants. The plaintiff excepted to the refusal of the court to instruct the jury " that if the plaintiff, while a traveller upon Main street, in the exercise of ordinary care, received her injury in consequence of slipping upon the sidewalk, and if the jury find that the line of this highway was not indicated by any visible objects, that the defect in the sidewalk which occasioned the injury was near the true line of the highway and within the general course and direction of travel, and where travellers were accustomed to pass, and rendering the travel dangerous; that there was nothing to indicate that the sidewalk where the accident happened was not within the way included for public travel; and that the town, though it had reasonable notice of the course of the travel, and that the defect was dangerous, suffered it to remain an unreasonable time,—the town would be liable under the statute for the injury sustained by the plaintiff, although the place of the injury was without the limits of such highway."

*A. F. L. Norris*, for the plaintiff.

*Chase & Streeter*, for the defendants.

DOE, C. J.   A town's neglect to do what is necessary to make a highway " suitable for the travel thereon " is an indictable offence, punishable by a fine which is expended by a state agent in remedying the defect; and for damage happening to a traveller by reason of the same neglect the town is liable in a civil suit. G. L.,

*cc.* 74, 75. The want of a railing which the town can legally maintain is a defect, if it renders the highway " unsuitable for the travel thereon." *Willey* v. *Portsmouth*, 35 N. H. 303, 314; *Davis* v. *Hill*, 41 N. H. 329; *Stack* v. *Portsmouth*, 52 N. H. 221; *Stark* v. *Lancaster*, 57 N. H. 88; *Griffin* v. *Auburn*, 58 N. H. 121; *Howard* v. *Bridgewater*, 16 Pick. 189; *Tisdale* v. *Norton*, 8 Met. 388; *Shepardson* v. *Colerain*, 13 Met. 55; *Palmer* v. *Andover*, 2 Cush. 600; *Jones* v. *Waltham*, 4 Cush. 299; *Coggswell* v. *Lexington*, 4 Cush. 307; *Smith* v. *Wendell*, 7 Cush. 498; *Sparhawk* v. *Salem*, 1 Allen 30; *Alger* v. *Lowell*, 3 Allen 402; *Burnham* v. *Boston*, 10 Allen 290; *Adams* v. *Natick*, 13 Allen 429; *Kellogg* v. *Northampton*, 4 Gray 65; *Hayden* v. *Attleborough*, 7 Gray 338; *Macomber* v *Taunton*, 100 Mass. 255; *Murphy* v. *Gloucester*, 105 Mass. 470; *Com.* v. *Wilmington*, 105 Mass. 599; *Marshall* v. *Ipswich*, 110 Mass. 522; *Warner* v. *Holyoke*, 112 Mass. 362; *Puffer* v. *Orange*, 122 Mass. 389; *Daily* v. *Worcester*, 131 Mass. 452; *Barnes* v. *Chicopee*, 138 Mass. 67; *Paine* v. *Brockton*, 138 Mass. 564; *Morgan* v. *Hallowell*, 57 Me. 375; *Willey* v. *Ellsworth*, 64 Me. 57; *Haskell* v. *New Gloucester*, 70 Me. 307; *Sykes* v. *Pawlet*, 43 Vt. 446; *Drew* v. *Sutton*, 55 Vt. 586; *Williams* v. *Clinton*, 28 Conn. 264; *Beck* v. *Carter*, 68 N. Y. 283; *Veeder* v. *Little Falls*, 100 N. Y. 343; *Lower Macungie* v. *Merkhoffer*, 71 Pa. St. 276; *Hey* v. *Philadelphia*, 81 Pa. St. 44; *Pittston* v. *Hart*, 89 Pa. St. 389; *Bunch* v. *Edenton*, 90 N. C. 431; *Niblett* v. *Nashville*, 12 Heisk. 684; *Chicago* v. *Gallagher*, 44 Ill. 295; *Young* v. *Dist. Columbia*, 3 MacAr. 137; *Gilchrist* v. *Carden*, 26 Up. Can. C. P. 1; *Toms* v. *Whitby*, 35 Can. Q. B. 195; 37 Up. Can. C. P. 100.

A road may be rendered unsuitable for travel at one place by a railing, the want of which at another place would be an insufficiency. Where such an obstruction is a defect, and where its absence is a defect, are questions of fact to be determined on the evidence. In a dark night, and even in the day-time, a precipice outside of a highway may be so situated that the want of a railing may be more dangerous to travellers than the precipice would be at some place less accessible within the bounds of the right of way. But towns are not required to fence their roads for the purpose of keeping travellers out of all private grounds that are unfit for public travel. The lack of a visible boundary of a highway, and the existence of an unsafe private path in the general direction of the public travel, are not the test of the duty of a town to maintain a railing in a public way. *Stack* v. *Portsmouth*, 52 N. H. 221. The question is, whether the want of a railing which the town can legally maintain, is a defect which renders the highway unsuitable for the travel thereon.

In this case the plaintiff slipped on ice and fell while walking in a path which the jury have found was not in the highway. The path was a sidewalk, built in front of Union Block by the owner of the building. As the ice in his private way was not a defect

in the public way, the defendants were not in fault for suffering it to remain where it was.  They could not remove it without his consent.  Whether he would have consented, or objected, it imposed no duty on them.  If it had been on the floor of one of his stores, they would have been under no obligation to remove it, to exclude customers by a fence, to post a notice of the danger for the benefit of persons who could read, or to station a guard at the door, or in the street, day and night, to give oral warning.  The only defect suggested by the plaintiff in argument is the want of a railing   A closure of that kind would have deprived the occupants of Union Block, the plaintiff, and all others having occasion to go to that building, of their right of free ingress and egress.  There is no evidence that the condition of the private way rendered the public way unsuitable for travel without a barrier that would turn people away from the stores, offices, and hall of the block.  Such an obstruction of business would be properly condemned by a jury as a nuisance which the plaintiff, or any other person whose right of travel or trade was infringed by it, could have lawfully abated. As there is no evidence on which the want of a railing could be found to be a defect, the requested instruction was properly refused as not applicable to the case ; and so far as it assumed an unmarked boundary of the street, and the existence of an unsafe private path in the general direction of public travel, to be the test of the town's duty to erect a railing, it was erroneous.

*Judgment on the verdict.*

ALLEN, J., did not sit: the others concurred.