ISAIAH D. HUDSON *vs.* INHABITANTS OF MARLBOROUGH.

Middlesex.   March 25, 1891. — June 27, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Exceptions — Way — Defect — Absence of Railing.*

No exception lies to a refusal to give an instruction requested in terms, if it is given in substance.

In an action by a traveller against a town, for personal injuries occasioned by the absence of a railing at the side of a highway, the presiding judge instructed the jury that the town was under no obligation to fence the way or to put up a railing simply to prevent travellers from straying therefrom ; that if a traveller strayed from the highway at a point where there was no railing, and met with an accident at a distance from the way, the town would not be liable ; and that the absence of a railing to protect a traveller from dangers in such proximity to the way as to make it unsafe would be a defect for which the town would be liable, but a dangerous place at a distance of twenty-five feet from the limits of the way would not be in such proximity.   *Held,* that the plaintiff had no ground of exception.

TORT, for personal injuries occasioned to the plaintiff by reason of the want of a railing at the side of Pleasant Street, a

highway in the defendant town. At the trial in the Superior Court, before *Thompson*, J., there was evidence that Pleasant Street led from the centre of the defendant town northerly, towards the town of Hudson; that between these points the Berlin Road, so called, diverged from the west side of Pleasant Street; that a triangular-shaped piece of land lying between these ways beyond the point of divergence was rough and stony, and from being level with the roads at that point gradually sloped from Pleasant Street to the Berlin Road as the distance increased between them, forming a bank; that by the side of the Berlin Road was a hollow; that no railing or barrier of any kind existed at the time of the accident upon this piece of land between the two ways; that the plaintiff on the evening of December 9, 1887, which was dark and misty, was driving from the centre of the town along Pleasant Street towards his home on the Berlin Road; that he was on the lookout for the Berlin Road, and as he approached the point of its intersection with Pleasant Street saw a gray line which looked like the travelled part of that road; that he drove upon it, and it turned out to be the triangular piece of land above mentioned; and that his horse passed over the bank into the Berlin Road, and a forward wheel of his wagon went into the hollow beside it, and he was thrown out upon that road, and sustained the injuries complained of.

The plaintiff requested the judge to rule as follows: "In an action against a town to recover damages for an injury alleged to have been occasioned by a defect in a highway, occasioned by the want of a railing or barrier, the town will be liable therefor if such barrier or railing was necessary for the proper security of travellers, and would have prevented the happening of the injury complained of."

The judge refused so to rule, and instructed the jury, among other things, as follows: "It is provided, — and that is a special provision of the statute, — ' if any person suffers bodily injury or damage through a defect, or want of repair or of sufficient railing in or upon a highway, causeway, bridge,' etc., that, under certain conditions, he may recover. So that it makes the railing of certain places in highways reasonable and necessary. But a railing is not for the purpose of preventing a party from straying out of the highway. Towns are not obliged to keep people

within the road. . . . But the town is obliged to put barriers where they are necessary to make a highway reasonably safe for travellers. . . . It is very important to keep this in mind: that a railing is not to keep travellers in the road but it is for the purpose of making travel on the road, and not in the fields, safe and convenient. Where there is a dangerous place, where there may be a steep bank, or a hole, or a river, that is in such close proximity to the travelled part of the road as to make travel on the road dangerous, then it is the duty of the town to rail such a place. And you can see that there may be cases where a man might trip and fall when exercising ordinary care, and be' thrown over a wall, or down an embankment, and you would say that the road was not safe because of the liability of a man who was travelling upon that road to receive such an injury, to fall, or to have such accident happen to him as incident to the travel upon the road. It is necessary to provide against such accidents as that, and to have barriers put up so that a person travelling upon the road shall not be put to such hazard as that, or to those risks and hazards which are incident to travelling upon such a road. . . . It may be a question of fact, or it may be a question of law, whether a place is in such immediate proximity to the travelled part of the way as to make the travel upon the way unsafe. There are cases where it is ruled, as matter of law, that twenty-five feet is so far out of the travelled part of the road as not to require any railing upon the street, or any barrier, to make the way safe and convenient; that is, if a party strayed out twenty-five feet, he was doing it at his own risk. If he gets so far away from the travelled part of the road as that, he takes his chances; that is, that towns are not obliged to protect travellers against liability of that kind. . . . The defect or the failure on the part of the town for which it is undertaken to charge the town, is a failure to put a barrier on Pleasant Street so as to prevent the traveller from getting into the place where this accident is said to have occurred. . . . If you ascertain where the accident was, then you will be able to determine with considerable minuteness and accuracy how far the party was, at the time he received the accident, from Pleasant Street. And that may be an important fact for you to ascertain and determine. If it was out of the way twenty-five feet, I

rule, as matter of law, that there is not any liability.    There is nothing here to show that the town was obliged to rail the road to Berlin at all.    It is not with regard to that that complaint is made.    I do not know how it would stand any different from what it does if this was not a road where the Berlin Road is. Supposing there was not a road there.    Supposing this was a bank in a field which adjoined the road.    I do not see how the liability would be any different.    The fact that that is a town road, I do not see that that changes it.    The town was not bound to rail Berlin Road so that people coming upon Berlin Road through the fields should not receive some damage thereby.    But the town is called upon to protect, reasonably, travellers upon the highway by suitable railings where there is a place in such immediate proximity to the travelled part of the way or road as to make the travel upon the road dangerous."

At the close of the charge, the counsel for the plaintiff called the attention of the judge to the last part of his charge, and the judge then said, in substance: " Whether the position of Berlin Road affects the question of the reasonableness of a railing is a question of fact for you to determine.    All questions of fact are for the determination of the jury.    The court has no right to express any opinion upon questions of fact.    As to whether it was necessary for Pleasant Street to be railed at the place where it is claimed it should have been railed, is a question of fact for the jury to determine; and you are to take all the facts into consideration, among which is the position and character of Berlin Road, and the fact of its being a street."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*S. J. Elder & W. N. Davenport,* for the plaintiff.

*J. W. McDonald,* for the defendant.

MORTON, J.    The defect alleged in this case was the want of a railing on Pleasant Street on the side next and near to the point of intersection with the Berlin Road.    The case was submitted to a jury, and it is apparent that the jury must have found that the want of a railing did not constitute a defect, as that was the main issue on which the case appears to have been tried.    The plaintiff complains of the refusal of the court to give the instruction which he requested, and also of certain por-

tions of the charge which relate to travellers straying from highways, to so much of it as suggested that it might not make any difference to the plaintiff's right to recover that the bank over which he fell was part of the Berlin Road, and to the ruling that the plaintiff could not recover if the place where the accident occurred was more than twenty-five feet from Pleasant Street. Upon a careful examination of the charge, we do not think that either of the plaintiff's exceptions can be sustained.

The ruling requested by the plaintiff was given in substance by the presiding judge. A plaintiff has no ground of exception because the precise words of his request were not used, if it appears that it was given in substance. *Parker* v. *Springfield*, 147 Mass. 391, 393. The charge of the judge was predicated, as a whole, upon the propositions contained in the ruling requested by the plaintiff, which was, that if a railing was necessary for the proper security of travellers, and would have prevented the accident, the want of it constituted a defect which would render the town liable for an injury occurring through its absence. The judge, at considerable length, and by means of various illustrations, called the attention of the jury to cases in which a town would or would not be liable for an accident where there was no railing. We think it was proper for him to do so, and that the jury could not have been misled by anything that was said. He began his charge by saying that the statute makes a railing at certain places and highways reasonable and necessary. Then he went on to say that the railing was to render the road safe and convenient, and not to keep travellers from straying out of it; that a town was not obliged to fence its highways so as to keep travellers from straying beyond their limits, and their liability to get out of a road did not constitute a defect; but that a town was obliged to put barriers where they were necessary to make the highway reasonably safe for travellers, and if there was any dangerous place in such proximity to the road as to make travel upon that road unsafe, then the town was obliged to put up railings or barriers to protect travellers against those places; and this last statement was repeated in substance at the close of the charge. The different propositions were illustrated in a variety of ways, but we think the purport of the whole was, and that the jury must have so understood it, that the town was under no

obligation to fence its roads or put up barriers simply to prevent travellers from straying from the highway, and that if a traveller strayed from a highway where there was no barrier into an adjoining field, or on to adjoining premises, and met with an accident at some distance from the highway, the town would not be liable, and the failure to have a barrier at the point where the traveller left the highway would not constitute a defect in the highway ; but if there was a dangerous place, a bank, hole, or anything else, in such proximity to the road as to render the road unsafe for travellers without a railing or barrier at that place, then if an accident occurred to a traveller at such place through want of a sufficient railing or barrier, the want of the railing or barrier would constitute a defect for which the town neglecting to put up the barrier or railing would be liable.   So understood, the instructions were clearly not open to exception.

The suggestion in the charge, that it might not make any difference to the right of the plaintiff to recover that the bank over which he fell was part of the Berlin Road, was afterwards modified by the presiding judge, upon his attention being called to it, in such a way that the plaintiff could not have been prejudiced by the suggestion as originally made, even assuming that it was, as first made, harmful to him.   The jury were then distinctly told that whether the position of the Berlin Road affected the question of the reasonableness of a railing was a question of fact for them, and that, in considering whether it was necessary to rail Pleasant Street at the place where it was contended that it should have been railed, they were to take all the facts into consideration, among which were the position and character of the Berlin Road.

The ruling that, if the place where the accident occurred was twenty-five feet from Pleasant Street, the town would not be liable, was clearly correct.   In such a case as that, the place where the accident occurred would not, as matter of law, be in such immediate proximity to the road as to require the town to put up a railing in order to make the road safe and convenient for travellers.   *Murphy* v. *Gloucester*, 105 Mass. 470.   *Warner* v. *Holyoke*, 112 Mass. 362.   *Puffer* v. *Orange*, 122 Mass. 389. *Daily* v. *Worcester*, 131 Mass. 452.   *Barnes* v. *Chicopee*, 138 Mass. 67.                               *Exceptions overruled.*