FRANK MARSHALL *vs.* INHABITANTS OF IPSWICH.

A lot of broken brick, several feet square and a few inches high, outside the line of the location of a highway, or within the line but outside the travelled part of the highway, is not such a defect in the condition of the highway as requires the town to put up a railing to protect travellers.

In an action under the Gen. Sts. c. 44, § 22, against a town to recover for injuries occasioned to a traveller by falling, after dark and during a light fall of snow, over a lot of bricks, the judge instructed the jury that if outside of, but immediately contiguous to, the highway or the part thereof constructed for travel, there were objects, which would be defects if within the travelled part of the highway, and if for want of indications of the proper limits of the highway a traveller following the direct and ordinary course of travel, and using due care to keep within those limits, for the want of such indications received an injury from those objects, the town was liable. *Held*, that these instructions were erroneous.

TORT for personal injuries occasioned by the plaintiff's falling on some bricks in County Street in Ipswich, a highway which the defendants were bound to keep in repair. At the trial in the Superior Court, before *Brigham*, C. J., the following facts appeared:

The owners of the land on the side of the street, opposite which the alleged injuries were received, had set their fence back from the line of the highway as laid out, some four feet, as the

defendants contended, but, as the plaintiff contended, some two feet.  Opposite and by the side of this fence, some broken brick had been spread, covering a space about fifteen feet long and from four to six feet wide, substantially level, though presenting a rough surface, in no place more than six to eight inches above the level of the street, and on the side nearest the street of not more than the thickness of a brick.  There was no sidewalk on the street, and the plaintiff did not contend that the travel was sufficient to require a sidewalk to be built by the defendants.

The street was laid out by the county commissioners as a highway forty feet in width, and was level through the entire width of forty feet and worked for travel.

The plaintiff introduced evidence tending to show that on the evening of January 8, 1870, there was a light fall of snow; that on that evening the plaintiff, about eight o'clock, while crossing the street, fell upon the bricks and was injured; that the snow was then falling, and deceived him as to the position of the bricks; that he had seen the bricks before, and knew generally where they were; but that by reason of the snow, it was impossible to tell where they were.

The defendants introduced evidence tending to show that the bricks were not within the line of the street as laid out, and were distant from the outer edge of the line of travel on that side of the road some three feet, and asked the judge to instruct the jury, " that the defect complained of, if outside the limits of the location, is not such a defect as requires a railing or barrier, either to protect the traveller, or to warn him of the limits of the highway and prevent him from straying; and the same rule applies if the alleged defect is outside that portion of the highway worked and used for travel."

The judge refused so to instruct the jury, and instructed them as follows : " Land on the side of a highway outside of its location, left by the owners thereof, so that it could be used as if it was a part of the highway, would not become a part of the highway, so as to render the town, which was responsible for the condition of such highway, also responsible for the condition of the land outside of the same, thus left by its owners, as a part of the

highway. A town is not necessarily required, in performing its duty to keep a highway in safe and convenient condition, to keep the whole width of such highway in such condition, nor to provide a sidewalk separated from the carriageway of such highway. That duty is sufficiently performed, if a town provide in a given highway or a given place in a highway, a carriageway sufficient in its width and construction, having reference to the kind and amount of travel over it. If the kind and amount of travel over it rendered the use of that part of it fitted for a carriageway by carriages so incompatible with the use of the same part by foot passengers as to be unsafe, a sidewalk or some separate convenience for foot passengers would be required. A town is not required to place barriers on the side of a highway, otherwise safe and convenient for travel, either on the side of the part, properly fitted for public use, less than the whole located width, or on the line of the location of the highway, where the whole located width is properly fitted for travel. But if on land immediately contiguous to a highway or to that part of the same properly and sufficiently constructed for public travel, and outside of the highway so located, or outside of any part thereof thus sufficiently constructed within the location, there were objects, which if within a highway would render that highway unsafe and inconvenient, and if, for want of indications of the proper limits of the highway, although the same was itself in safe and convenient condition, a traveller following the direct and ordinary course of travel, and intending, and using ordinary care, to keep within these limits, for the want of such indications received an injury from such objects, the town responsible for the condition of the highway would be liable to an action for the damages arising from such injury, provided the traveller in all respects was using ordinary care."

The jury returned a verdict for the plaintiff for $628.75, and the defendants alleged exceptions.

*W. C. Endicott & C. A. Sayward*, for the defendants. The only way a town can protect a traveller from a defect outside the legal limit of the highway is by a railing. If an excavation, precipice, bridge or culvert is just outside the limit, a railing is

an appropriate remedy; but if, instead, it is a ledge, or a tree, stone wall or pile of bricks, a railing is not required. *Smith* v. *Wakefield*, 105 Mass. 473. *Alger* v. *Lowell*, 3 Allen, 402. The instructions excepted to are inconsistent with the rule that towns are not obliged to rail highways to keep travellers from straying out of them. *Young* v. *Yarmouth*, 9 Gray, 386. *Macomber* v. *Taunton*, 100 Mass. 255. *Coggswell* v. *Lexington*, 4 Cush. 307. It is always, of necessity, unsafe outside the location of a highway, and a distinction must be made as to the special causes of such want of safety, and as to the character of the defect. In no case has this court held that a railing is required except to an excavation or embankment. *Sparhawk* v. *Salem*, 1 Allen, 30. *Murphy* v. *Gloucester*, 105 Mass. 470.

*S. B. Ives, Jr., & R. C. Lincoln*, for the plaintiff. If the obstruction is of such a kind that, if in the highway, it would be a defect, and if it is so near that a traveller, using ordinary care in passing along the highway, would be unsafe, the town is liable. Such was the case here. *Adams* v. *Natick*, 13 Allen, 429. *Kingsbury* v. *Dedham*, Ib. 186. *Hayden* v. *Attleborough*, 7 Gray, 338. *Murphy* v. *Gloucester*, 105 Mass. 470.

If the alleged defect was within the highway, though outside of its travelled portion, the defendants are liable. *Snow* v. *Adams*, 1 Cush. 443. *Stoughton* v. *Porter*, 13 Allen, 191. The cases of *Howard* v. *North Bridgewater*, 16 Pick. 189, and *Kellogg* v. *Northampton*, 4 Gray, 65, are distinguishable.

The want of a railing, in cases like the present one, has repeatedly been held a defect for which towns are liable. *Palmer* v. *Andover*, 2 Cush. 600. *Hayden* v. *Attleborough*, 7 Gray, 338. *Alger* v. *Lowell*, 3 Allen, 402. *Stevens* v. *Boxford*, 10 Allen, 25. *Adams* v. *Natick*, 13 Allen, 429. *Murphy* v. *Gloucester*, 105 Mass. 470.

AMES, J. The exact position of the pile of bricks upon which the plaintiff fell was in dispute, and the evidence upon the subject was conflicting. The road was level through its entire width of forty feet, and worked for travel. It is not suggested that under ordinary circumstances there was any peculiar difficulty in seeing its limits, or any special liability to stray beyond them on

account of their uncertainty. The plaintiff was crossing the road, in the dark, and just after a fall of snow by which the bricks were partially covered, so that as he claimed it was impossible to tell where they were. In this position of the case, the defendants asked for an instruction to the jury that, if the bricks were wholly outside of the limits of the highway, there was no such defect as to make it the duty of the town to erect " a railing or barrier, either to protect the traveller, or to warn him of the limits of the highway and prevent him from straying." We think that such an instruction should have been given.

It is well settled that towns are under no obligation to light the highways, or to erect railings for the mere purpose of preventing travellers from straying from the travelled path. *Sparhawk* v. *Salem*, 1 Allen, 30. *Macomber* v. *Taunton*, 100 Mass. 255. *Randall* v. *Eastern Railroad Co.* 106 Mass. 276. The purpose of such railings is to make the way itself safe and proper for use. They are required in the case of bridges, embankments or causeways, and generally where excavations, deep water, &c., are so near to the line of public travel as to expose travellers to unusual hazards. *Adams* v. *Natick*, 13 Allen, 429. But we do not understand that the fact, that land " immediately contiguous to the highway " is uneven, or rocky, in a condition unsuited to be travelled upon, or incumbered with objects which if in the highway would be impediments or defects, is sufficient of itself to make it the duty of a town to set up a railing by the roadside. There are very few of our common country roads that would not be found to need such a barrier, if the duty of towns were to be carried to such an extreme. Under the instructions given upon this point in the case, the jury may have found against the defendants, without any proof that there was any impediment or defect within the actual limits of the highway, or within the apparent line of travel, or even so near to the line of travel as to make the road itself unsafe. The plaintiff was allowed to recover on proof of an additional element, to which, as matter of law, no weight whatever could properly be attached, namely, a temporary or accidental uncertainty as to the limits of the way, whereby he got upon the adjoining land, and was there injured.

The defendants also requested the court to rule, substantially, that if the alleged impediment or defect was wholly outside of the travelled path, although within the located limits, the defendants were not bound to erect a barrier or railing. We think that the court should have so ruled. The snow is not alleged to have been an obstruction which the town was bound to remove. A portion of the pile of bricks might extend within the located limits of the road, without obstructing the travelled path, or necessarily constituting an impediment or defect.

For these reasons, it is impossible to do otherwise than to order that the *Exceptions be sustained.*