Susan C. Damon vs. City of Boston.*

Suffolk.   January 25, 1889. — May 9, 1889.

Present: Morton, C. J., Field, W. Allen, C. Allen, & Holmes, JJ.

*Personal Injuries — Defect in Sidewalk — Want of Fence.*

A city in fencing the sides of a vacant lot between converging streets built the fence
across the corner where they intersected, so as to exclude a triangular piece of
the lot bounded by the fence and the sidewalk on each street. This piece was
substantially on a level with the sidewalks, but depressed enough to retain water
on it, which was frozen into smooth ice and became covered with snow. A
woman travelling along the sidewalk of one street walked across this triangular
piece towards the other, and fell upon the ice, receiving injuries. *Held*, that
the city was not liable to her for such injuries.

Tort for personal injuries occasioned to the plaintiff by rea-
son of the alleged want of a railing at the side of a highway in
the defendant city. The case was submitted to the Superior
Court, and, after judgment for the defendant, to this court,
on appeal, on an agreed statement of facts, in substance as
follows:

The plaintiff, on February 18, 1885, at about 11.30 o'clock in
the forenoon, was walking on the sidewalk on the northerly side
of Mount Vernon Street, along a lot of land belonging to the
Church of the Advent, toward Brimmer Street. The part of this
lot which lay at the intersection of the two streets was rough
ground not built upon, and was enclosed on both Mount Ver-
non Street and Brimmer Street by a wooden fence about four
feet high, erected by the defendant city. The fence ran along
the inner edge of the sidewalk on each street, except at the ex-
treme corner, where the sidewalks make an angle of about forty-
five degrees. The fence ran westerly on Mount Vernon Street to
a point about four feet from the inner line of the Brimmer Street
sidewalk, where the grade of the lot substantially coincided with
that of the sidewalk, and then ran across the corner of the va-
cant lot to a point in the Brimmer Street sidewalk about four
feet from the Mount Vernon Street sidewalk, and then along
Brimmer Street. A plan of the locality, made a part of the

agreed statement, showed that on Mount Vernon Street the lot was level with the sidewalk, and that on Brimmer Street the lot was one half-inch below the level of the sidewalk. The extreme corner of the vacant lot was thus left unfenced, forming a small triangle, bounded by the edges of the sidewalk on the two streets and by the fence. The plaintiff, if competent, would prove that after the accident the city changed the fence so as to enclose the entire lot. The sidewalk on each street was built by the defendant city of brick, being a part of the public highway, and was bounded on the inner edge, along the above-described triangle, by a row of bricks set edgewise. Within this triangle the ground sloped down slightly, with an uneven and humpy surface, from the fence toward the sidewalk, and a pool of water immediately contiguous to the sidewalks had been collected in the triangle between the rows of bricks above mentioned and the fence, as the bricks prevented the water from running off, which pool had been frozen into smooth ice. A small amount of snow had fallen in the night of February 16, 1885, and had not been cleared away from the sidewalks bounding the vacant lot, or from the triangle, and covered these at the corner of the streets so as to make them appear one even surface, and so as to give no indication that the fence did not run along the edge of the paved sidewalks at this corner, and mark its division from the vacant lot, as it did in the remainder of its course.

The city had reasonable notice of the position and construction of the fence and sidewalk, of the condition of the triangle, and of all the other facts above described, and had such notice for sufficient time to have changed the position of the fence. The defendant was duly notified of the time, place, and cause of the injury. The plaintiff was walking at a moderate pace, and was otherwise in the exercise of due care. Upon arriving at the corner above mentioned, she continued to walk near the line of the fence, there being nothing to show her that the sidewalk did not extend up to the fence at this point as elsewhere, and so stepped into the triangle above described. She there slipped and fell, without negligence on her part, on the pool of ice covered with snow as above described, and broke her right arm and received other injuries.

If upon the above facts the plaintiff could recover, judgment

was to be entered for her in the sum of five hundred dollars, with costs; otherwise, judgment was to be entered for the defendant, with costs.

*J. T. Wheelwright & W. K. Richardson*, for the plaintiff.

1. There was a want of sufficient railing. Where a dangerous place or object exists in such close proximity to the highway that there is risk of a traveller thereon, using due care, being injured by that defect, then a railing is requisite to make the way itself safe and convenient; and the cases apply equally to travellers on foot and in carriages. *Stickney* v. *Salem*, 3 Allen, 374, 376 (Bigelow, C. J.). *Alger* v. *Lowell*, 3 Allen, 402. *Coggswell* v. *Lexington*, 4 Cush. 307. *Hayden* v. *Attleborough*, 7 Gray, 338. *Purple* v. *Greenfield*, 138 Mass. 1. In this class of cases the usual question of fact is whether the defect is near enough to the highway to render a railing necessary. But this question cannot arise in the case at bar. *Jewhurst* v. *Syracuse*, 108 N. Y. 303, is indistinguishable in its facts from the present case. This court, in deciding the numerous cases as to the statutory liability of towns, has been guided largely by the equity of each case, and has considered both what the safety of travellers requires and what it is reasonable to require of a town. "The case supposed is not one of city travel. The law, as to the extent of repair, and what will constitute obstructions rendering a public way unsafe and inconvenient for the traveller, must depend in a good degree upon the locality of the road." *Bacon* v. *Boston*, 3 Cush. 174. *Burnham* v. *Boston*, 10 Allen, 290, 293. So in the case of *Marshall* v. *Ipswich*, 110 Mass. 522, where a traveller strayed from a country road to some bricks beside the highway, it appeared that there was no sidewalk, nor was there travel enough to require it, which distinguishes that case from the case at bar.

2. The city, by the manner in which it built its fence, had practically invited travellers upon this sidewalk to walk across this triangle; and by the way in which it had built its sidewalk had created a dangerous defect within this triangle. It is plain that in such a case the reasons for holding the defendant city liable are much stronger than in those where there is no railing at all. The defendant city assumed to control the triangle by building a fence across it, thus cutting it off from the remainder

of the lot, and also by subsequently removing the fence from that position; and having thus assumed control over the triangle, and included it in the highway by a railing, it is liable for any injury caused by a defect therein as much as if the defect had been in the legal highway. " The rule is well settled that the act of the city in assuming authority to control the land as a street renders it chargeable with the same duties, and imposes upon it the same liabilities, as if it had been lawfully laid out, and it is estopped from questioning that it was a lawful road." *Sewell* v. *Cohoes*, 75 N. Y. 45. *Aurora* v. *Colshire*, 55 Ind. 484. *Mayor* v. *Sheffield*, 4 Wall. 189. *Coates* v. *Canaan*, 51 Vt. 131. 2 Dillon Mun. Corp. (3d ed.) § 1009. See *Williams* v. *Cummington*, 18 Pick. 312. This well settled rule works no hardship to the city in this case. The city deliberately built its boundary fence across this corner, and it should be held to a duty to keep that corner free from defects. The city had so built its sidewalk as to collect a pool of water which froze into smooth ice. This is a " defect " for which the city is liable within the meaning of the statute. *Adams* v. *Chicopee*, 147 Mass. 440, and cases cited.

3. The defendant is liable to the plaintiff at common law, even if it be assumed that it is under no statutory liability for a " want of sufficient railing " at the place of the accident. It erected the railing and built the sidewalk so negligently and improperly that the plaintiff was led into a place of danger, and was thereby injured. For this tort it is liable. *Hawks* v. *Charlemont*, 107 Mass. 414. *Deane* v. *Randolph*, 132 Mass. 475. *Sullivan* v. *Holyoke*, 135 Mass. 273. *Waldron* v. *Haverhill*, 143 Mass. 582. " In all of these cases, the city or town was acting, not merely in the discharge of a public service, but also with reference to penalties and liabilities imposed upon it by law for imperfect work. The pecuniary motive came in. It was acting in furtherance of its own pecuniary interest, as well as for the benefit of the public." *Tindley* v. *Salem*, 137 Mass. 171, 173. " The fact that the plaintiff was induced by the defendant to enter upon a dangerous place without warning, is the negligence which entitles the plaintiff to recover." *Davis* v. *Jamaica Plain Congregational Society*, 129 Mass. 367, 371. See *Commonwealth* v. *Wilmington*, 105 Mass. 599; *Larue* v. *Farren Hotel Co.* 116

Mass. 67 ; *Learoyd* v. *Godfrey*, 138 Mass. 315 ; *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368, 375.

*T. M. Babson*, for the defendant.

C. ALLEN, J. The want of a railing was the only alleged defect in the way. The plaintiff received her injury by walking off from the sidewalk upon the adjoining land, which was substantially on a level with the sidewalk, and there slipping upon smooth ice which was covered with snow. The only question is whether the city was bound to put up a railing or fence to guard travellers against peril of this nature, and we are of opinion that it was not. The danger which requires a railing must be of an unusual character, such as bridges, declivities, excavations, steep banks, or deep water. Spaces adjoining roads, streets, and sidewalks, and unsuitable for travel, are often left open in both country and city ; and a town or city is not bound to fence against them, unless their condition is such as to expose travellers to unusual hazard. *Sparhawk* v. *Salem*, 1 Allen, 30, 32. *Adams* v. *Natick*, 13 Allen, 429, 431. *Marshall* v. *Ipswich*, 110 Mass. 522. The fact is immaterial that there was nothing to mark the line of the highway. *Stockwell* v. *Fitchburg*, 110 Mass. 305. *Stone* v. *Attleborough*, 140 Mass. 328. The present case falls within these decisions. The danger was not of such a character that the city was bound to fence against it. It would impose an unreasonable burden upon cities and towns to hold them liable for accidents occurring merely from slipping upon ice upon level ground outside of the limit of the highways.

The plaintiff also contends that the defendant is liable at common law ; but in this Commonwealth no common law liability rests upon cities and towns in a case like this.

In the opinion of a majority of the court, the entry must be,

*Judgment affirmed.*