### JAMES H. RICHARDSON *vs.* CITY OF BOSTON.

Suffolk.    November 20, 1891. — March 29, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Highway Defect — Statutory Notice.*

Where an archway three feet wide and three or four feet high served as an entrance to steps leading down to an arched and covered passageway, which ran through a brick block built up to and forming the line of the highway, and no part of the steps, archway, or passageway was within the limits of the highway "except a portion of the steps which did not come above the surface but were covered by planking, making the street at that point even and regular with the rest of the highway and of the proper width," it was *held* that the city was not required, in the exercise of reasonable care, to have a railing at the archway, and was not liable for injuries occasioned to a traveller who, in the exercise of due care, slipped down and slid from the sidewalk through the archway and down upon the steps, and was injured.

A notice to a city, by a person who has been injured by a defect in a way, stating that while travelling on foot "along the sidewalk on Tremont Street, in said Boston, opposite Indiana Place, between Church Street and the bridge over the Boston and Albany Railroad, directly in front of the alleyway or subway of brick building numbered 369, said alleyway being numbered 369 in figures thereon, I was injured by falling into a hole in said sidewalk, in which the steps leading down into said alleyway projected, said hole being without suitable guard, protection, light, or other warning, and being concealed by a loose board unsecured and covered with snow," sufficiently complies with the provisions of the Pub. Sts. c. 52, § 19, as amended by the St. of 1882, c. 36.

MORTON, J.    The archway into which the plaintiff fell was in the front wall of a brick block which was built up to and formed the line of the highway.    It was about three feet wide and three or four feet high, and served as an entrance to steps leading down to an arched and covered passageway which ran through the block.    No part of the steps, archway, or passageway was within the limits of the highway, except " a portion of the steps which did not come above the surface, but were covered

by planking, making the street at that point even and regular with the rest of the highway and of the proper width." The plaintiff slipped down and slid from the sidewalk through the archway and down upon the steps, receiving the injuries complained of. The sidewalk was free from snow and ice, but snow was falling at the time. The plaintiff's declaration, as well as the notice to the city, would seem to have been drawn rather upon the theory that there was " an opening or hole in the sidewalk . . . extending below the surface . . . concealed by a loose board. covered with snow." This was not so. The court expressly found that there was no defect within the limits of the highway, and that there was no omission on the part of the defendant, other than a failure to put a railing before the archway. The evidence on which this finding was based is stated, and the question is whether, as matter of law, it was justified; or whether, in other words, the city in the exercise of reasonable care should have had a railing at the archway.

The archway was at right angles with and not a continuation of the sidewalk, and except that one might slip, as the plaintiff did, or stumble, or be pushed, there was no reason to apprehend that a traveller passing along the street, and using due care, would fall into it and down the steps. It is not the possibility, however, that a traveller may get hurt if there is no railing or barrier that settles the question as to whether one should be put up, but whether one is required for the reasonable security of the public. *Adams* v. *Natick*, 13 Allen, 429, 431. And that again depends on whether the danger to be guarded against is of such an unusual character as to expose the traveller to unusual hazard unless a railing or barrier is put up. *Sparhawk* v. *Salem*, 1 Allen, 30, 32. *Adams* v. *Natick, ubi supra. Marshall* v. *Ipswich*, 110 Mass. 526. *Damon* v. *Boston*, 149 Mass. 147. It is matter of general observation that entrances and archways similar to this are of common occurrence in cities. Nothing shows that there was anything improper or unusual about this one, or that it exposed those passing along the highway to any unusual hazard. We do not think that reasonable security to the public required that it should be fenced or railed, and that the owners and their tenants of this and similar blocks with similar entrances should be subjected to the annoyance and inconvenience

which would result if cities and towns were obliged to put up barriers. *Beardsley* v. *Hartford*, 50 Conn. 529. *Fitzgerald* v. *Berlin*, 51 Wis. 81.

So far as the notice is concerned, we cannot say, in view of the previous decisions of this court, that it was bad. *Spellman* v. *Chicopee*, 131 Mass. 443. *Canterbury* v. *Boston*, 141 Mass. 215. *Fortin* v. *Easthampton*, 142 Mass. 486. *Liffin* v. *Beverly*, 145 Mass. 549.                                *Exceptions sustained.*

*T. W. Proctor*, for the defendant.
*H. Dunham*, for the plaintiff.