TIMOTHY LOGAN *vs.* CITY OF NEW BEDFORD.

Bristol.    October 25, 1892. — January 4, 1893.

Present. FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Due Care — Defect in Sidewalk — Want of Fence.*

The plaintiff in an action against a city was injured by falling from a bank wall about three feet high. The wall connected two houses from twenty to twenty-five feet apart, and was between five and six feet from and parallel to the street line. There were steps projecting from the houses to the street line, and the face of the wall was a short distance back from the front line of the house. The surface of the land rose slightly from the sidewalk to the wall, and, including the sidewalk, was all of the same general character. The plaintiff, while passing along the sidewalk between nine and ten o'clock in the evening, strayed from it and fell over the wall. *Held*, that the danger was not so evident or unusual as to require that a fence or barrier should, in the exercise of reasonable care, have been maintained or erected by the city.

TORT for personal injuries occasioned to the plaintiff by reason of the alleged want of a railing at the side of a highway in

the defendant city. At the trial in the Superior Court, before *Bishop*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*H. M. Knowlton & T. F. Desmond,* for the defendant.

*F. A. Milliken,* for the plaintiff.

MORTON, J. Cities and towns are required to provide ways that shall be reasonably safe and convenient for travellers. They are not bound to fence them so as to prevent travellers from straying outside of them, and they are not obliged to mark their limits. *Stone* v. *Attleborough,* 140 Mass. 328. *Damon* v. *Boston,* 149 Mass. 147. They are required to erect suitable barriers where there are dangerous places in such proximity to the highway as to render barriers necessary in order to make the way reasonably safe and convenient. But a railing or barrier is not to be erected because a traveller may meet with an accident if there is none. The question in each case is whether one is needed to make the highway reasonably safe and convenient for travellers who are themselves in the exercise of due care.

In the present case the plaintiff was injured by falling from a bank wall about three feet high. The wall connected two houses from twenty to twenty-five feet apart, and was between five and six feet from and parallel to the street line. There were steps projecting from the houses to the street line, and the face of the wall was a short distance back from the front line of the house. The surface of the land rose slightly from the sidewalk to the wall, and, including the sidewalk, was all of the same general character. The plaintiff, while passing along the sidewalk between nine and ten o'clock in the evening of August 21st, strayed from it, and fell over the wall. He contends that the street was defective for want of a fence or railing at that point. It is matter of common observation, that houses are built in cities and towns near the street lines, with open spaces between them, and without fences along the street lines. Indeed, in many places the erection of fences between houses and upon street lines is discouraged, on account of the generally improved appearance which is supposed to result from their absence.

The contention of the plaintiff would seem to require us to hold in such cases that, where there were, within close proximity to the street, walls, steps, embankments on private grounds, and

similar structures, cities and towns should erect, or cause to be erected, barriers or fences in order to make the highways reasonably safe and convenient for travellers thereon. Without undertaking to lay down any general rule, we do not think that in this case the danger was so evident or unusual as to require that a fence or barrier should, in the exercise of reasonable care, have been maintained or erected by the defendant. *Marshall* v. *Ipswich,* 110 Mass. 522. *Damon* v. *Boston,* 149 Mass. 147. *Richardson* v. *Boston,* 156 Mass. 145.          *Exceptions sustained.*