DANIEL SHEA *vs.* INHABITANTS OF WHITMAN.

Plymouth.     November 14, 1907. — February 27, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Pleading, Civil,* Declaration.     *Way,* Defect in highway.

Under a declaration in an action of tort against a town which alleges that a public highway which the defendant was bound to keep in repair so that it would be safe and convenient for travel " was negligently suffered by the defendant to be out of repair, unsafe and inconvenient, whereby the plaintiff, travelling thereon and using due care, was hurt," the plaintiff can recover for an injury received by him by reason of the lack of a barrier to protect travellers on the highway from a condition near it which is such as to expose them to unusual hazard.

At the trial of an action of tort against a town to recover for injury alleged to have been received by the plaintiff because of an unsafe condition of a highway which the defendant was bound to keep safe for travel, it appeared that the plaintiff tripped over a stone which, though not in the highway, was in a beaten walk at one side which had the appearance of a part of the highway, and the plaintiff contended that the defendant should have erected a barrier to protect the travelling public from injury because of the stone.     There was no evidence as to the size or shape of the stone.     The judge presiding at the trial directed a verdict for the defendant.     *Held,* that the verdict was directed rightly, since it did not appear that there was a condition beside the way such as to expose travellers to unusual hazard and from which they should be protected by a barrier erected by the defendant.

TORT.     Writ in the Superior Court for the county of Plymouth dated April 6, 1903.

The declaration was as follows: " And the plaintiff says that there is in the town of Whitman a public highway known as Temple street and leading from Dover street to South avenue, which said defendant is bound to keep in repair so that it would be safe and convenient for travel, but the same was negligently suffered by the defendant to be out of repair, unsafe, and inconvenient, whereby the plaintiff, travelling thereon and using due care, was hurt, and due notice of the time, place, and cause was given to the defendant."

At the trial, which was before *Holmes,* J., there was evidence tending to show that the plaintiff was injured by tripping over a stone, which was in a path or earth walk at the side of a street that, through use, had come to have the appearance of a

travelled part of the sidewalk, but he admitted that he was unable to show that the stone was within the limits of the highway. The presiding judge suggested that the plaintiff should amend his declaration so as to allege a failure of the town to erect suitable barriers to guard against the stone, and to proceed against the town for that omission, but the plaintiff declined to do so, contending that, although he could not show that the stone was within the limits of the way, he still could recover for injury occasioned by it as a defect in the way if it was so near outside of the line of the way as to be dangerous, and if the actual uses of the space around and adjoining it were as the evidence showed.

At the close of the evidence, the presiding judge directed a verdict for the defendant and the plaintiff excepted. Other facts are stated in the opinion.

*C. B. Snow*, for the plaintiff.

*E. O. Achorn*, for the defendant.

HAMMOND, J. The plaintiff was right in his contention that the declaration was broad enough to cover the case of a defect in a highway consisting of a want of a suitable rail or barrier. Pub. Sts. c. 167, § 94, form, " Negligence of Town." R. L. c. 173, § 130. *Alger* v. *Lowell*, 3 Allen, 402. It was therefore unnecessary for him to amend.

The order directing a verdict for the defendant, however, was general and must stand, unless the plaintiff shows that the case should have been submitted to a jury. The plaintiff was injured by tripping over a stone. It was admitted that the stone was not within the limits of the highway. It is stated that the evidence tended to show that " it would have constituted a defect if within the limits of the way," but there is no evidence as to its size or shape. The plaintiff evidently proceeds upon the theory that where a stone which, if in the way, would constitute a defect, is so near the highway that travellers by tripping over it may get hurt, a barrier or railing should as matter of course be erected to protect travellers. But that is not the law. It cannot be said as matter of law that in every such case a barrier should be erected. As stated by Allen, J., in *Damon* v. *Boston*, 149 Mass. 147, 151 : " The danger which requires a railing must be of an unusual character, such as bridges, declivi-

ties, excavations, steep banks, or deep water. Spaces adjoining roads, streets, and sidewalks, and unsuitable for travel, are often left open in both country and city; and a town or city is not bound to fence against them unless their condition is such as to expose travellers to unusual hazard." See also *Hayden* v. *Attleborough*, 7 Gray, 338 ; *Scannal* v. *Cambridge*, 163 Mass. 91, and cases there cited; *Logan* v. *New Bedford*, 157 Mass. 535 ; *Richardson* v. *Boston*, 156 Mass. 145, and cases cited. The fact that there was nothing to mark the line of the highway is immaterial. *Damon* v. *Boston, ubi supra.*

Under the doctrine thus laid down, the plaintiff failed to show a case for the jury.

*Exceptions overruled.*