## Johanna Enders, Plaintiff in Error, v. City of Chicago, Defendant in Error.

### Gen. No. 14,437.

1. CONTRIBUTORY NEGLIGENCE—*when person using public street guilty of.* Held, under the evidence in this case, that the plaintiff in choosing to adopt the course of travel which he did, knowing its dangers, was guilty of contributory negligence which barred a recovery.

2. NEGLIGENCE—*obligation of municipality to erect barriers.* A city is not obligated in every case to erect suitable railings where there are dangerous places upon its streets; the question whether such an obligation should be performed is in each case to be determined by an ascertainment as to whether such barriers are necessary to make the street reasonably safe and convenient for travelers who are themselves in the exercise of due care.

Action in case for personal injuries. Error to the Municipal

Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed.   Opinion filed March 9, 1909.

**Statement by the Court.**   The plaintiff in error, Johanna Enders, brought suit in the Municipal Court of Chicago against defendant in error, city of Chicago, for negligence in allowing a certain excavation to be made in Twenty-third street, rendering the same dangerous to travel, and in failing to place guard rails along the sidewalk or lights or danger signals, by reason whereof the plaintiff, while passing along said street on April 10, 1907, in the evening, fell into the excavation and her right thigh bone was broken and she suffered other injuries.

On the trial the jury returned a verdict for the defendant, city of Chicago, and, after overruling a motion for a new trial, the court entered judgment for the defendant on the verdict.   This writ of error is prosecuted to reverse that judgment.

The evidence in the case consists wholly of that delivered by the plaintiff and her witnesses.   The defendant offered no evidence.

The evidence shows without conflict that the Vierling McDowell Company's foundry is situated on Twenty-third street at its intersection with Stewart avenue in the city of Chicago.   The foundry extends east from Stewart avenue about one hundred feet along Twenty-third street.   On Stewart avenue were a number of railway tracks which were being elevated, and the roadway of Twenty-third street was being lowered from a point 100 to 150 feet east of Stewart avenue in order to carry the street under the railroad tracks when elevated.   The sidewalks along the street were in good order.   By the excavation made in the roadway for the purpose indicated, the surface of the road was two or three feet below the surface of the sidewalk.   Twenty-third place is the first east and west street south of Twenty-third street.   A private way leads from Twenty-third place across the

premises of the foundry company to Twenty-third street. At Twenty-third street this private way is closed by a gate, through which it is necessary to pass when going north before reaching the sidewalk of Twenty-third street.

Plaintiff, at the time of the accident, lived on Canal street, south of Twenty-third street. About eight o'clock in the evening of April 10, 1907, she started to go to King's tea store which was on Archer avenue. She walked from her house on Canal street to Twenty-third place, thence to the foundry, and through the private way. She walked through the gate at Twenty-third street, and across the sidewalk, and in stepping from the sidewalk to the roadway fell and was injured. Plaintiff was accustomed to go by this route from her home to the tea store and knew that the street was undergoing improvement. At the time of the accident she was walking rapidly.

SAMUEL C. HERREN, for plaintiff in error.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for defendant in error; EDWARD C. FITCH and DAVID T. ALEXANDER, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The argument of plaintiff in error is confined to the assignments of error which question the rulings of the trial court in giving and refusing instructions, although other errors are assigned.

Defendant in error offered no evidence on the trial and submitted its case on the facts disclosed by the testimony offered on behalf of plaintiff in error. There being no conflict in the evidence on any essential fact, the jury as reasonable men could draw but one conclusion from the facts, namely, that the defendant in error was not guilty of the negligence averred, and that the plaintiff in error was guilty of contributory negligence causing the injury.

The record shows that the defendant in error was engaged in improving the street at the point where the accident happened, and that plaintiff in error knew that the street at this point was being excavated. She chose to take the route through the foundry to the store where she desired to go; and then, instead of using the sound and safe sidewalks and crossings provided, she departed from the sidewalk and attempted to cross the street about midway between the crossings, unmindful apparently of the conditions which she knew existed there.

It is urged that the plaintiff in error had the right to cross the street at this point and that the city was guilty of negligence in failing to erect a barrier or railing along the sidewalk to prevent people from stepping or falling from the curb to the lower level of the roadway. We cannot agree with this contention under the facts of this case. Under some circumstances it would undoubtedly be the duty of the city to maintain a barrier or railing for the purpose indicated.

In Logan v. City of New Bedford, 157 Mass. 534, the evidence showed that there was a difference of about three feet between the level of the sidewalk and the ground at the base of a retaining wall about six feet from the line of the sidewalk. The plaintiff while passing along the sidewalk between nine and ten o'clock in the evening strayed from it and fell over the wall and was injured. The contention was that the street was defective for want of a fence or railing at that point. The court said: ''Cities and towns are required to provide ways that shall be reasonably safe and convenient for travelers. They are not bound to fence them so as to prevent travelers from straying outside of them, and they are not obliged to mark their limits. Stone v. Attlborough, 140 Mass. 328; Damon v. Boston, 149 Mass. 147. They are required to erect suitable railings where there are dangerous places in such proximity to the highway as to render

barriers necessary in order to make the way reasonably safe and convenient. But a railing or barrier is not to be erected because a traveler may meet with an accident if there is none. The question in each case is whether one is needed to make the highway reasonably safe and convenient for travelers who are themselves in the exercise of due care.'' There was held to be no liability. See also Mulvane v. City of South Topeka, 45 Kansas, 45; Hannibal v. Campbell, 57 U. S. Appeals 484; Barnes v. Inhabitants of Chicopee, 138 Mass. 67; City of Dayton v. Taylor, Admr., 62 Ohio 11.

In Holding v. City of St. Joseph, 92 Mo. App. 143, the plaintiff sued for damages for an injury sustained in stepping from the sidewalk down into the roadway while attempting to cross the street at an unusual place on a dark night. The court held that the plaintiff could not recover, and at page 148, say: ''The question here is clearly presented as to whether a city is liable for an injury to a person who steps off a sidewalk other than at the usual place provided for crossing from one side to the other of a street on a dark night without proper caution. It is a matter of general knowledge that streets are constructed with a depression or gutter next to the sidewalk, for the purposes of drainage. We know of no general rule as to the depth these gutters should be constructed in all cases. But it is safe to say, from the variety of circumstances, for instance, the topography of the locality, their depth and width are not necessarily uniform, but on the contrary must differ in that respect.'' On the question of contributory negligence the court say: ''Here the plaintiff was not using the street in question in the usual and ordinary manner in which they are used, but was without care or caution attempting, as has been said, on a dark night, without previous knowledge of the conditions of the locality, to pass from the sidewalk space into the street, where she fell and was injured. It appears to

us that she was without doubt guilty of contributory negligence, without which she would not have been injured."

In the case before us the plaintiff in error knew that the street had been excavated. She had frequently traveled the street and knew how it was lighted. Her negligence was therefore greater than that of the plaintiff in the Holding case.

We are of the opinion that substantial justice has been done in this case and that it is our duty to affirm the judgment, although we might think that the court erred in giving or refusing instructions. Berry v. I. C. R. R. Co., 92 Ill. App. 488; Beard v. Maxwell, 113 Ill. 440.

The judgment is affirmed.

*Affirmed.*