LAURA THOMPSON *vs.* CITY OF BOSTON.

Suffolk.    March 14, 1912. — May 27, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Way,* Public: defect in highway.    *Municipal Corporations.*

An excavation on private land adjoining the sidewalk of a highway of a city, "cut right down square or nearly so from the edge of the sidewalk" to the depth of from three to three and one half feet, may be found to have made the use of the sidewalk so unsafe for travellers as to require the maintenance of a railing, for an injury caused by the want of which the city is liable under R. L. c. 51, § 18.

TORT under R. L. c. 51, § 18, for personal injuries alleged to have been sustained for want of a sufficient railing by falling into an unguarded excavation on private land adjoining the granolithic sidewalk of Draper Street, a highway of the defendant, on which the plaintiff was walking. Writ dated July 17, 1908.

In the Superior Court the case was tried before *Wait,* J. The material evidence is described in the opinion. No question was raised in regard to the due care of the plaintiff. At the close of the evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*L. S. Thierry,* for the plaintiff.

*J. A. Campbell,* for the defendant.

BRALEY, J. By R. L. c. 51, § 18, if for want of a sufficient railing or barrier in or upon a public way a traveller in the exercise of due care is injured, the city, town or county charged with the duty of maintaining the way is liable in damages if the defect

might have been remedied by reasonable diligence. No rigid standard of measurement by which the liability can be adjusted in all cases is practicable for reasons pointed out in *Warner* v. *Holyoke,* 112 Mass. 362, and restated and amplified in *Scannal* v. *Cambridge,* 163 Mass. 91, 93. The question whether the place into which the traveller passes is so dangerous, and in such proximity to the way as to render its use unsafe being largely dependent upon the circumstances of each case, is ordinarily for the jury. *Warner* v. *Holyoke,* 112 Mass. 362, 367. The danger, however, "must be of an unusual character, such as . . . declivities, excavations, steep banks, or deep water." *Damon* v. *Boston,* 149 Mass. 147, 151. *Shea* v. *Whitman,* 197 Mass. 374, 375. It appears in the present case, that a parcel of land contiguous to the street over the sidewalk of which the plaintiff was walking had been excavated by blasting out rock for a distance of one hundred feet, or about two-thirds of the length of the lot adjoining the street, and the removal of the rock resulted in lowering the surface to an appreciable depth below the level of the sidewalk. A witness for the plaintiff testified, that the rock "was cut right down and close as they could cut it, right down square or nearly so from the edge of the sidewalk" and "the rock had been removed to a depth of three to three and one half feet below the sidewalk." The length, depth and character of this excavation, with its close proximity to the way could have been found by the jury to have rendered the use of the sidewalk unsafe for pedestrians, and if the particular part of the cavity into which the plaintiff fell when she stepped just over the line of the sidewalk of itself might not have required the defendant to provide a railing, the entire place disclosed dangerous conditions within the meaning of the statute. *Alger* v. *Lowell,* 3 Allen, 402. *Murphy* v. *Gloucester,* 105 Mass. 470, 472. *Commonwealth* v. *Wilmington,* 105 Mass. 599, 601. The right of the defendant to put up and maintain a railing sufficient for the ordinary exigencies of travel upon this portion of the street, even if the entrance of an abutter might have been obstructed, is settled, and the question of the city's negligence should have been submitted to the jury under appropriate instructions. *Alger* v. *Lowell,* 3 Allen, 402. *Lyman* v. *Amherst,* 107 Mass. 339.

*Exceptions sustained.*