EMMA B. BAXTER *vs.* BOSTON AND MAINE RAILROAD.

Suffolk. January 22, 1914. — March 31, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Way,* Public: defect. *Railroad.*

A railroad corporation, which under the requirement of St. 1906, c. 463, Part II, § 112, maintains planking at a grade crossing of a highway that extends beyond the line of the highway, and at the end of the planking on its own location from three to fifteen feet beyond the limits of the highway maintains a drainage ditch about seven inches deep and eighteen inches wide, is not liable in an action brought under R. L. c. 51, § 18, by a woman injured by reason of stepping into the drainage ditch when crossing the tracks after they had been flooded by an unusually heavy rain storm; because there is no evidence of a defect in the highway and no evidence of such proximity of the shallow ditch to the highway as to require the maintenance of a railing, even if it were practicable to maintain a barrier across tracks that constantly are being used by passing trains.

TORT under R. L. c. 51, § 18, for personal injuries alleged to have been caused by a defect in or the want of a sufficient railing at the grade crossing of the defendant's tracks with Massachusetts Avenue, a public highway, in that part of Arlington called Arlington Centre, which it was alleged to have been the duty of the defendant to maintain in safe condition and repair. Writ dated August 11, 1909.

In the Superior Court the case was tried before *Pratt,* J. At the close of the evidence, which is described in the opinion, the judge ordered a verdict for the defendant, and by agreement of the parties reported the case for determination by this court. If the ordering of the verdict was erroneous, the case was to be remanded for the assessment of damages by a jury; otherwise, judgment was to be entered for the defendant.

The case was submitted on briefs.

*C. H. Stebbins, O. Storer & C. E. Burbank,* for the plaintiff.

*A. R. Tisdale,* for the defendant.

DE COURCY, J. Massachusetts Avenue in Arlington crosses the tracks of the defendant at grade. The planking maintained at the crossing under the provisions of St. 1906, c. 463, Part II, § 112, extended beyond the street line on the northerly side of the avenue, the extension being about three feet at the westerly side of the inward track, where the plaintiff was injured, and fifteen feet on the westerly side of the outward track. North of the planking was a drainage ditch, eighteen inches wide and about seven inches deep, continuing across both tracks. An unusually heavy rain storm had temporarily flooded the immediate territory; and while the plaintiff was slowly walking through the water that covered the crossing she stepped into the drainage ditch and was injured. She was familiar with the place, but mistakenly supposed that the planking continued farther than it did in fact.

The statute above referred to provides that "a railroad corporation whose railroad is crossed by a public way at the same level shall, at its own expense, so guard or protect its rails by plank, timber or otherwise as to secure a safe and easy passage across its railroad." Plainly this duty was fulfilled. Massachusetts Avenue is more than one hundred feet in width, and measures one hundred and forty feet along the defendant's westerly track; and no complaint is made as to the condition in which the planking was maintained within the limits of the highway. The injury of the plaintiff was due, not to the planking, but to the presence of the drainage ditch, which was on the defendant's location and from three to fifteen feet beyond the limits of the highway. The defendant maintained this drain within its own limits for the purpose of protecting its roadbed from washouts. It was the sole judge of what should be done within its location to provide for such a contingency, and was lawfully authorized to maintain the ditch where it was. *Brainard* v. *Clapp,* 10 Cush. 6. *Whittemore* v. *New York, New Haven, & Hartford Railroad,* 191 Mass. 392. *Aldrich* v. *Boston,* 212 Mass. 512, and cases cited. It was not within the limits of the highway and so did not constitute an actionable defect within the scope of R. L. c. 51, § 18. *Tilton*

v. *Wenham,* 172 Mass. 407. *Felch* v. *West Brookfield,* 184 Mass. 309. *Sullivan* v. *Boston,* 126 Mass. 540.

Nor could it be found that the highway was so unsafe for ordinary travel by reason of the proximity of the ditch as to require the defendant, under R. L. c. 51, § 18, to provide a railing at the place of the accident. The danger arising from this seven inch excavation was not of so unusual a character as to require a railing. *Damon* v. *Boston,* 149 Mass. 147. *Thompson* v. *Boston,* 212 Mass. 211. And apparently it would have been impracticable to maintain a barrier across tracks that constantly were being used by passing trains. It is to be noted also that the plaintiff's uncertainty as to the limit of the planking was due to a temporary and unusual condition, caused by an extraordinary rain storm. *Marshall* v. *Ipswich,* 110 Mass. 522. *Scannal* v. *Cambridge,* 163 Mass. 91, 93.

In the plaintiff's brief it is argued that the defendant could be found liable for negligence in failing to guard this extension of the crossing on the ground that the defendant invited the plaintiff to use it as an approach to its station. No such cause of action, however, was presented by the pleadings or was in issue at the trial, and it is too late to invoke it now, especially as the action of the trial judge in directing a verdict for the defendant may have been based on the absence of such an issue. *Noyes* v. *Caldwell,* 216 Mass. 525. *Providence & Worcester Railroad, petitioner,* 172 Mass. 117. The declaration and the statutory notice were based on the defendant's alleged liability for a defect or want of sufficient railing in a public highway, under R. L. c. 51, § 18. The purpose for which the defendant maintained planking over the portion of its location that was beyond the street limit does not appear, and there was no evidence of the use that was made of this portion as distinguished from the crossing as a whole. On the record before us the plaintiff was walking where she was when injured, not on the express or implied invitation of the defendant to go upon its property, but as a traveller upon a public highway in the exercise of a right that she assumed to be open to all.

Under the report the entry must be

*Judgment for the defendant.*