AUGUSTA A. PORTER *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   January 9, 1919. — February 28, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Street Railway,* Alleged derailment.  *Practice, Civil,* Special finding of jury, Verdict.  *Pleading, Civil,* Declaration.

In an action, against a corporation operating a street railway, for personal injuries sustained by the plaintiff when a passenger on a car of the defendant by reason of the alleged derailment of the car on June 8, 1916, at the corner of Dorchester Avenue and Savin Hill Avenue in Dorchester, the presiding judge submitted to the jury the special question, "On June 8, 1916, was the plaintiff on a car of the defendant which left the rail at the corner of Dorchester Avenue and Savin Hill Avenue, Dorchester?" The jury answered, "No," and the judge ordered a verdict for the defendant. *Held,* that the ordering of the verdict was right; that the plain meaning of the question and the answer was that the plaintiff was not on the car which left the rails.

In the same case it also was *pointed out* that, even if the question and the answer meant that the car did not leave the rails, the plaintiff could not recover, as the only negligence alleged in the declaration was in causing or permitting the derailment.

TORT for personal injuries sustained by the plaintiff on June 8, 1916, when the plaintiff was a passenger on a street railway car of the defendant at or near the corner of Savin Hill Avenue and Dorchester Avenue in the part of Boston called Dorchester, the declaration being quoted in the opinion.  Writ dated June 19, 1916.

In the Superior Court the case was tried before *White,* J., who submitted to the jury the special question which is quoted in the opinion, to which the jury answered, "No." Thereupon the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*P. J. Donaghue,* for the plaintiff.

*G. E. Morris,* for the defendant, submitted a brief.

CARROLL, J. The plaintiff alleges in her declaration that, on June 8, 1916, while a passenger on one of the defendant's cars "at or near the corner of Dorchester and Savin Hill Avenues . . . the defendant, its agents, servants and employees, carelessly and negligently constructed, equipped and maintained its roadbed, tracks, car and apparatus, and negligently ran, operated and managed said car, and by reason of the aforesaid negligence the said car . . . left the rail" and she was injured.

There was evidence that when the plaintiff boarded the car it was crowded and she was unable to find a seat; that as the car proceeded along Savin Hill Avenue toward Dorchester Avenue — going quite fast — it was derailed, and the plaintiff was thrown to the side of the car and injured; that at the time of the accident the defendant had a permit to repair and re-lay its tracks on Dorchester Avenue "for a considerable distance, which distance included the scene of the accident." The defendant introduced evidence tending to show that the case was a "no report" one; that no work was being done upon the defendant's tracks within one hundred and fifty feet of the place of the accident, and that there was no derailment at the time and place alleged in the plaintiff's declaration. At the close of the evidence the judge instructed the jury on the question of liability (to which no exceptions were taken), and submitted to them the question: "On June 8, 1916, was the plaintiff on a car of the defendant which left the rail at the corner of Dorchester Avenue and Savin Hill Avenue, Dorchester?" The jury answered in the negative; whereupon the judge ordered a verdict for the defendant, and the plaintiff excepted.

The issue raised by the pleadings was whether the plaintiff was a passenger on a car of the defendant, which by reason of the defendant's negligence was derailed. The finding of the jury that she was not on the car which "left the rail," disposes of the plaintiff's case. If she was not a passenger on the car on the day alleged, when it was derailed, she cannot recover under her declaration. The only negligence set out in the declaration, and the only negligence for which she could recover, was the negligence of the defendant in the maintenance and construction of its tracks

and its operation of its car, by which negligence the car left the rails; as the jury found that she was not a passenger on the car, she cannot on the pleadings recover. See in this connection *Baxter v. Boston & Maine Railroad,* 217 Mass. 312, 314, and cases cited.

The case was argued on the assumption that the finding of the jury did not mean that the plaintiff was not a passenger on the car which was derailed, but meant that the car did not leave the rails. It is plain from the question submitted to the jury and their answer, that the plaintiff was not on the car which left the rails. But, even if the assumption that the car was not derailed were correct, then the plaintiff cannot recover: she based her claim entirely on the negligence of the defendant in causing the car to leave the rails. This is the only allegation of fault; and, if the car remained on the rails, she has not shown the defendant to have been negligent. By the plain meaning of the finding of the jury the plaintiff cannot recover; and, as no negligence other than the derailment is set out in the pleadings, there is no liability, even if the car was not derailed.

*Exceptions overruled.*