159 So. 818

## CITY OF BIRMINGHAM v. COX.
### 6 Div. 554.

Supreme Court of Alabama.
Feb. 28, 1935.

W. J. Wynn and Leigh M. Clark, both of Birmingham, for appellant.

C. B. Powell and Vassar L. Allen, both of Birmingham, for appellee.

THOMAS, Justice.

The trial was had on counts 1 and 2 of the complaint as amended. Demurrers were overruled, the pleading was in short by consent, and the verdict was for plaintiff. There was motion for a new trial and the judgment was reduced and the motion overruled. The rulings on demurrer are assigned as error and duly urged for consideration.

■ It is established that negligence may be averred in a complaint in general terms, and when the allegation is of the acts constituting negligence relied upon, the pleading is demurrable, unless such acts, so averred, in themselves constitute actionable negligence as a matter of law. B'ham Ry., L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262; Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443; Johnson v. Birmingham Railway, L. & P. Co., 149 Ala. 529, 43 So. 33.

■ There is no *absolute duty* upon a municipality to provide guard rails or barriers at or near an open ditch, sewer, or drain (volume 7, McQuillin on Municipal Corporations [2d Ed.] p. 204, § 2984), unless the place is dangerous and alongside the street, which without such protection will render that highway unsafe to travelers in the usual modes. Chance v. City of St. Joseph, 195 Mo. App. 1, 190 S. W. 24, 26; Puffer v. Inhabitants of Orange, 122 Mass. 389, 23 Am. Rep. 368; Daily v. City of Worcester, 131 Mass. 452.

The decisions of the Massachusetts court illustrate the question presented by the demurrer to the complaint. In Damon v. City of Boston, 149 Mass. 147, 151, 21 N. E. 235, the observation is made that: "The danger which requires a railing must be of an unusual character, such as bridges, declivities, excavations, steep banks, or deep water. Spaces adjoining roads, streets, and sidewalks, and unsuitable for travel, are often left open in both country and city; and a town or city is not bound to fence against them unless their condition is such as to expose travelers to unusual hazard. Sparhawk v. Salem, 1 Allen, 30, 32 [79 Am. Dec. 700]; Adams v. Natick, 13 Allen [Mass.] 429, 431; Marshall v. Ipswich, 110 Mass. 522." And that in Richardson v. City of Boston, 156 Mass. 145, 146, 30 N. E. 478, is: "It is not the possibility, however, that a traveler may get hurt if there is no railing or barrier that settles the question as to whether one should be put up, but whether one is required for the reasonable security of the public. Adams v. Natick, 13 Allen [Mass.] 429, 431. And that again depends on whether the danger to be guarded against is of such an unusual character as to expose the traveler to unusual hazard unless a railing or barrier is put up. Adams v. Natick, supra; Marshall v. Ipswich, 110 Mass. [522], 526; Sparhawk v. Salem, 1 Allen [Mass.] 30, 32 [79 Am. Dec. 700]; Damon v. Boston, 149 Mass. 147, 151, 21 N. E. 235."

The duty imposed by sections 2984, 2996, and 2998 in volume 7, McQuillin on Municipal Corporations (2d Ed.) pp. 201, 204, 223, 229, illustrates this important phase of municipal law. It is written:

"Given a condition in or close to a street, such as to be dangerous to travelers thereon, the municipality becomes burdened with a certain duty, provided, if notice is necessary, it has notice, or ought to have had notice, thereof; and this is so even though the cause of the danger is lawful or the dangerous condition was wholly the act of a third person. This duty is to warn travelers of the danger so that they may turn back, pass around, or proceed with eyes open and watching for danger. In addition to the duty to repair, the duty of a municipality to use ordinary care to keep its streets in condition for use includes the duty where there are dangerous obstructions, declivities, or excavations in or near the street, whether created by the municipality itself or by third persons, where it has notice thereof or notice is unnecessary, to take proper precautions to guard against accidents by the use of railings, barriers, lights or the like, especially at night. (Albany v. Black, 214 Ala. 359, 108 So. 49)."

"Unless the place is dangerous as mentioned the erection of barriers to guard a street

or sidewalk is not required. The duty to place barriers on a street, although travel thereon be in a degree unsafe, or even dangerous, it has been said, is not absolute. The law does not require it unless the danger complained of is unusual."

Adverting to the decisions from this jurisdiction, it is observed by Mr. Justice Sayre in City of Montgomery v. Wyche, 169 Ala. 181, 194, 195, 53 So. 786, 790, as follows:

"The court charged the jury on plaintiff's request in this language: 'The court instructs the jury that if they believe from all the evidence that the open sewer or ditch into which plaintiff fell was a dangerous place, then it was defendant's duty to erect a rail guard or barrier along said sewer or ditch between said ditch and the traveled way of the street, and the defendant's failure to so erect a guard or barrier was negligence on the city's part.' This charge assumed the existence of a number of facts, as that plaintiff had fallen into an open ditch in a street of the city, and that the municipal authorities, having reasonable notice thereof, had failed to provide a barrier for the protection of travelers along the street. * * *

"The charge did, however, leave it to the jury to determine whether the ditch constituted a dangerous place. On this last-named fact, hypothesized as found by the jury, and the other facts which, on the evidence, the court might without error assume to exist, the charge correctly stated the duty of the municipal authorities in the premises. Mayor, etc., of City of Birmingham v. Lewis, 92 Ala. 352, 9 So. 243."

As to our decisions stating the requirements of good pleading in a case like this, in Johnson v. Birmingham Railway, L. & P. Co., 149 Ala. 529, 43 So. 33, the observation is made that where a complaint in general terms avers negligence, and then avers the particular acts constituting the alleged negligence, without more, unless such act or acts in themselves amount to negligence, the complaint is demurrable. B'ham Ry., L. & P. Co. v. Barrett, 179 Ala. 274, 279, 60 So. 262; Alabama Fuel & Iron Co. v. Bush, 204 Ala. 658, 86 So. 541; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; Eady v. Heaton, 224 Ala. 327, 140 So. 408; Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556.

The rules of our cases in this connection are stated in Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443 (headnotes 3 and 4), to be: (1) That a "complaint specifying particular acts as constitut-ing negligence, as basis for personal injury action, is insufficient on apt demurrer, notwithstanding general averment of negligence, unless acts specified in themselves suggest negligence"; and (2) that "where acts alleged do not constitute negligence as matter of law, complaint must characterize acts as negligence; it being insufficient that negligence be assumed."

The negligence charged is that defendant allowed "the open ditch, sewer or drain, occupying a part of 32nd Avenue, to be and remain without barriers, guard rails or other devices along the edge or near said open ditch, sewer or drain, for such an unreasonable length of time as to raise presumption of knowledge"; and that it had theretofore been stated, in the preceding section, that he "suffered damage as a proximate consequence of defendant's negligence, carelessness or failure to provide proper guard rails or barriers at and near said open ditch, sewer or drain." It will be observed that the rest of this pleading is, as indicated in the recent decision of Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 112, 145 So. 443, that the specific facts averred fail to show the duty and lack of the discharge thereof by the city.

It follows that the second, fourth, fifth, and eighth grounds of demurrer raised the question of whether the specific facts averred constitute negligence or show any breach of duty on the part of the defendant, city of Birmingham?

For the purpose of another trial, we may observe that there was error in allowing the question to and answer by Dr. Bobo, as follows:

"Q. 'Is there a qualified staff of medical doctors at the Hillman Hospital?'

"Defendant by counsel objected to the question on the ground that it was incompetent, irrelevant, immaterial and illegal.

"The Court overruled the objection.

"To which ruling of the Court the defendant by counsel then and there duly and legally reserved an exception.

"The witness answered the question as follows:

"A. 'There is, but the staff doesn't usually take care of the injuries of this type. It is left usually to the nurses and internes.' "

This testimony was improperly admitted in an action against the city by the injured party for personal injury. Atlantic Pacific Stages, Inc., v. Yandle, 224 Ala. 481, 140 So. 603.

The act of 1915 (General Acts 1915, p. 298, § 12) provides for the filing of a verified claim for an injury and damage, as that declared upon in the instant case, stating that: "No suit shall be brought or maintained nor shall any recovery be had against any such city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the party injured resides." City of Birmingham v. Scott, 217 Ala. 615, 117 So. 65; McDougall v. City of Birmingham, 219 Ala. 686, 123 So. 83, 63 A. L. R. 1076; City of Birmingham v. Flowers, 224 Ala. 279, 140 So. 353.

The refusal of instruction precluding the jury from returning a verdict on the evidence in substantial conflict or material variance with the statement of claim filed with the municipality, as to the manner in which plaintiff sustained his injuries, for which suit is brought, is error to reverse. King v. City of Birmingham et al., 225 Ala. 42, 142 So. 78; Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63; McDougall v. City of Birmingham, 219 Ala. 686, 123 So. 83, 63 A. L. R. 1076; 68 A. L. R. 1537, note; Perrine v. Southern Bitulithic Co. et al., 190 Ala. 96, 99, 66 So. 705; McKinnon v. City of Birmingham et al., 196 Ala. 56, 71 So. 463; Benton v. City of Montgomery et al., 200 Ala. 97, 100, 75 So. 473; City of Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382. The same is true of the time or place of the injury as claimed.

There was error in refusing defendant's charge which we denominate A. Under the pertinent phase of the evidence there was shown a material variance as hypothesized, different from that indicated in the notice given the city.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.