SERENA P. CUMMING *vs.* TOWN OF PLYMOUTH. June 7, 1973. This is an action of tort to recover for personal injuries allegedly sustained due to the negligence of the defendant town in failing to keep in repair or sufficiently railed a sidewalk on Court Street in the town. The case was tried in the Superior Court, and the jury returned a verdict for the plaintiff. The defendant's motion for the entry of a verdict under leave reserved was allowed. The plaintiff's bill of exceptions is limited to the question whether the judge correctly allowed this motion. The material evidence was as follows. The plaintiff was walking on private property adjacent to a sidewalk on Court Street, a public way. That private property and the adjacent town sidewalk were paved with the same type of material. In front of the plaintiff at a right angle to her line of travel there was an unmarked wedge-shaped curb located entirely on private property. The curb was six inches high at one end and descended to pavement level at a point nine inches from the edge of the public sidewalk. The plaintiff did not see the curb. When she walked over it she lost her balance because of the lower level of the sidewalk beyond the curb. She fell and was injured. The top of the curb had been painted white by the defendant's employees about one year before this incident, but most of the paint had worn off. The liability of the town for highway defects is governed by statute. *Whalen* v. *Worcester Elec. Light Co.* 307 Mass. 169, 174. As the granite curb over which the plaintiff fell was not within the public way, there was no duty on the town under G. L. c. 84, § 15, to correct any defect. See *Stone* v. *Attleborough,* 140 Mass. 328, 329; *Abihider* v. *Springfield,* 277 Mass. 125, 127. The step created by the granite curb did not constitute a hazard of such an unusual character as to require a jury determination of the necessity for a railing. See *Richardson* v. *Boston,* 156 Mass. 145, 146; *Logan* v. *New Bedford,* 157 Mass. 534, 535-536; *Shea* v. *Whitman,* 197 Mass. 374, 375-376. Cf. *Thompson* v. *Boston,* 212 Mass. 211, 212. Absent a showing that the private property was a way "opened and dedicated to the public use" (G. L. c. 84, § 23), the fact that the defendant town had painted the curb over which the plaintiff fell did not expose the defendant to liability by reason of anything in G. L. c. 84, § 25. See *Longley* v. *Worcester,* 304 Mass. 580, 585-590.

*Exceptions overruled.*

*Joseph F. McGaffigan* for the plaintiff.

*John H. Wyman* for the defendant.